IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

KAREN HUGHLEY
5600 Signet Lane
Riverdale, MD

                Plaintiff,

v.

WEINSTOCK, FRIEDMAN AND
   FRIEDMAN, PA
1413 K Street, N.W.
Washington, D.C. 20005

05-0009694

Case No.
Judge:
Calendar

SERVE ON:

Lynn Johnson, Esq.
1413 K Street, N.W. Suite 1500
Washington, D.C. 20005



and

BRUCE L. RICHARDSON
41 Black Oak Court
Reisterstown, MD 21136

and

MELVIN J. WEINSTOCK
4 Reservoir Circle
Pikesville, MD 21208

and

SIDNEY S. FRIEDMAN
4 Reservoir Circle
Pikesville, MD 21208

and



DEFENDANT'S EXHIBIT A

1

| | |
|---|---|
| EDWARD J. FRIEDMAN<br>4 Reservoir Circle<br>Pikesville, MD 21208 | * |
| | * |
| and | * |
| JEFFREY M. LIPPMAN<br>4 Reservoir Circle<br>Pikesville, MD 21208 | * |
| | * |
| Defendants, | * |

## COMPLAINT
### (Legal Malpractice)

Plaintiff, Karen Hughley by counsel Deborah K. Hines respectfully represent as follows:

### COUNT I

1. This Court has jurisdiction over this matter in that the legal action in question which formed the basis of Plaintiff's legal claims, was rendered in the District of Columbia.

2. Plaintiff Karen Hughley worked in the District of Columbia for the U.S. Post Office at various times from 1972 to 1994. Defendants rendered legal service and filed an employment discrimination case on her behalf at the administrative level with Equal Employment Office against the U.S. Post Office and in the U.S. District Court for the District of Columbia which forms the basis of Plaintiff's legal malpractice claims.

3. Defendant Weinstock, Friedman and Friedman, P.A. is a 42 attorney law firm engaged in the practice of law and handling pre-paid legal services on behalf of clients for the District of Columbia and Maryland with offices in Baltimore, MD and Washington, D.C..

4. The law firm is the provider firm for Pre-Paid Legal Services, Inc. located in Ada, Oklahoma.

5. Bruce L. Richardson was an attorney, licensed to practice in Maryland, employed by Defendant Weinstork, Friedman and Friedman and its predecessor law firm, acting in furtherance of the business of Defendants at all relevant times.

6. Upon information and belief, defendant Richardson consented to disbarment in the State of Maryland in April 2005.

7. Defendant Melvin Weinstock is an attorney licensed to practice in Maryland. He is a partner with Defendant Weinstock, Weinstock and Friedman, P.A. and is responsible for supervising associates' work at the firm..

8. Defendant Sidney S. Friedman is an attorney licensed to practice in Maryland and the District of Columbia. He is a partner with Defendant Weinstock, Weinstock and Friedman, P.A. and is responsible for supervising associates' work at the firm..

9. Defendant Jeffrey M. Lippman is an attorney licensed to practice in Maryland and the District of Columbia. He is a partner with Defendant Weinstock, Weinstock and Friedman, P.A. and is responsible for supervising associates' work at the firm..

10. Defendant Edward J. Friedman is an attorney licensed to practice in Maryland and the District of Columbia.. He is a partner with Defendant Weinstock, Weinstock and Friedman, P.A. and is responsible for supervising associates' work at the firm..

11. On or about sometime in 1996, Plaintiff retained Defendants' to represent her concerning claims of employment discrimination at the U.S. Post Office in Washington, D.C. Defendants Weinstock, Friedman and Friedman were partners and associates in the firm of Weinstock, Stevan, Harris and Friedman, P.A. a professional association organizing and

3

existing under the laws of the state of Maryland and/or the District of Columbia. Upon information and belief, Defendant Weinstock, Friedman and Friedman, P.A. is a continuation and successor corporation of Weinstock, Stevan, Harris and Friedman

12. At all material times Defendants Bruce Richardson, Melvin J. Weinstock, Sidney Friedman, Edward J. Friedman and Jeffrey Lippman were agents of each other, acting within the scope of their agency. In 1996, Defendants Friedman, Weinstock, Weinstock and Lippman were employees or agents of Weinstock, Stevan, Harris and Friedman, P.A., acting within the scope of their employment or agency. Sometime thereafter, Defendants were employees or agents of Weinstock, Friedman and Friedman, P.A. acting within scope of their employment or agency.

13. Defendant Bruce L. Richardson was an employee of defendants acting in furtherance of the business of Defendants, his employer at all relevant times herein.

### Employment Discrimination

14. At various times from 1972 to on or about May 11, 1994, Plaintiff Karen Hughley was employed as a carrier/ clerk with the United States Post Office.

15. During her employment, plaintiff and another female employee were continually and daily verbally sexually harassed and threatened by two U.S. post office employees on the job for a period for approximately eighteen months from November, 1992 until May 11, 1994.

16.     Plaintiff brought the matter to U.S. Post Office's Management's attention on numerous occasions during said period of time. However, the employment sexual discrimination continued with verbal abuse, offensive name calling, threats, and other aggressively hostile acts and objects being thrown at Plaintiff and the other female co-worker. At all relevant times, the harassing employees were employees or agents of the United States, in Washington, D.C., acting within the scope of their employment or agency.

17.     The United States, through its employees and or agents engaged in a pattern of discrimination against Plaintiff Hughley and another female co-worker employee.

18.     Plaintiff was subject to a hostile work environment when management of the U.S. Post Office allowed the co-workers to continually harass Plaintiff during the relevant time periods.

19.     As a direct result of the aforesaid employment discrimination Plaintiff sustained injury including denial of back pay, denial of promotions, wrongful discharge, pain, suffering, mental anguish and other consequences of said discriminatory practices and is entitled to other compensatory damages.

## Legal Negligence

20.     Plaintiff Hughley timely filed an EEO complaint *pro se* on or about Feb. 1995 alleging she was discriminated against by the U.S. Post Office based on her sex and mental disability ( adjustment disorder with depressive features)  from November , 1992 until May 14 , 1994.

5

21. The claim filed on behalf of Plaintiff was dismissed by the Equal Employment Office ( hereinafter EEOC) by order dated July 10, 1995.

22. A timely Notice of Appeal was filed by Plaintiff pro se on July 31, 1995.

23. On or about 1996, Plaintiff sought and retained the services of Defendants for her employment discrimination case. Defendants provided legal services to Plaintiff for her employment discrimination matter alleged herein pursuant to a pre-paid legal services arrangement.

24. Defendant Richardson was the attorney assigned to represent her on the employment discrimination matter.

25. On October 13, 1996 an EEOC Order reversed in part the Dismissal Order dated July 10, 1995.

26. On or about April, 1999 the U.S. Post Office completed its investigative report.

27. Defendants requested a hearing on May 12, 1999 with the EEOC.

28. On June 16, 1999 the EEOC issued a Notice regarding summary judgment. By EEOC Order dated July 12, 1999, Defendants were ordered to file a response on or before September 1, 1999.

29. Defendants failed to file a response or an extension of time in which to file any response.

30. On or about September 3, 1999 the EEOC issued an order requesting that Defendants file briefs and or a request for discovery to be filed within 15 days from the date of said order.

31 Defendants failed to abide by the EEOC's September 3, 1999 Order and failed to file any briefs, request for discovery or an extension of time in which to do so.

6

32. On September 27, 1999 the EEOC issued an Order granting summary judgment to the U.S. Post Office and noted through its Order that Defendants, on behalf of Plaintiff showed an unwillingness to cooperate in the processing of her case by failing to respond to the Judge's Order; that Defendants failed to file a response to the September 3, 1999 order although the Order warned that a failure to file a response may result in sanctions and/or dismissal." ( Exhibit No. 1)

33. Defendants filed a Notice of Appeal to the EEOC's September 27, 1999 Order.

34. On November 30, 1999 the EEOC issued an Order for Defendants to submit a brief in support of Plaintiff's appeal in thirty (30) days from the date of the Notice of Appeal.

35. Despite filing an administrative appeal on behalf of Plaintiff, Defendants failed to ever submit a brief as ordered by the EEOC on November 30, 1999.

36. On August 23, 2002 the EEOC issued its final decision affirming dismissal of Plaintiff's complaint.

37. On November 25, 2002 Defendants filed a Complaint on behalf of Plaintiff against the U.S. Postmaster for alleged employment discrimination in United States District Court in the District of Columbia in Case no.1:02-cv-02334-GK.

38. Defendants failed to serve the summons and lawsuit on the U.S. Postmaster General, the defendant in Plaintiff's employment discrimination.

7

39. On May 27, 2003 a show cause order was issued by the U.S. District Court for the District of Columbia to explain why Plaintiff's Complaint should not be dismissed for failure of Defendants to prosecute and serve the summons and Complaint on the Post Master General pursuant to D.C. federal rules of civil procedure.

40. By Order dated June 19, 2003 the court granted additional time to serve the Complaint pursuant to the Response to its Show Cause filed by Defendants.

41. On October 27, 2003, the U.S. District Court for the District of Columbia dismissed Plaintiff's Complaint with prejudice for Defendants' failure to prosecute and serve the Complaint and summons on Defendant U.S. Post Master General.

42. Plaintiff contacted and spoke with Defendant Bruce Richardson numerous times since October 27, 2003 to discuss the merits of her case which she believed was proceeding through litigation.

43. At all times from October 27, 2003 to March, 2005 Plaintiff was assured by Defendants that her lawsuit against the U.S. Post Office was progressing through the court system.

44. From the time that Defendants undertook the representation of Plaintiff Hughley on or about January 1996, they owed her a duty to exercise the ordinary professional care of attorneys in evaluating, investigating, preserving and prosecuting her employment discrimination claims through settlement or trial on the merits.

8

45. Defendants breached the duty of care owed to Plaintiff by negligently:

(A) Failing to adequately investigate, assess and evaluate Plaintiff's employment discrimination claim;

(B) Failing to assert all available claims on behalf of Plaintiff under the administrative procedure with the EEOC.

(C) Failing to associate with counsel with the knowledge, experience and expertise to properly investigate, evaluate and prosecute Plaintiff's claims.

(D) Failing to actively and zealously represent Plaintiff by failing to file briefs, failing to respond to Judge's Orders and failing to prosecute plaintiff's claims;

(E) Failing to serve the summons and Complaint on Defendant Post Master General resulting in dismissal with prejudice of Plaintiff's complaint;

(F) Failing to keep Plaintiff informed on her case.

(G) Failing to abide by the court's orders in the EEOC level and in the United States District Court.

46. In addition to the aforesaid negligence, Defendants Weinstock, Friedman and Friedman, PA, Jeffrey Lippman, Edward Friedman, Sidney Friedman, and Melvin Weinstock negligently failed to supervise and or train Defendant Bruce Richardson and were negligent in other ways.

47. As a result of the aforesaid negligence, Plaintiff Hughley was deprived of the opportunity to obtain full and fair compensation at the administrative level and prior to the filing of a lawsuit, for all damages sustained by her as a result of her employment discrimination at the United States Post Office;

48. As a further result of the aforesaid negligence, Plaintiff Hughley's Complaint filed in the United States District Court was dismissed with prejudice thereby depriving Plaintiff of the opportunity to obtain full and fair compensation of all damages sustained by her due to her employment discrimination at the United States Post Office.

WHEREFORE, Plaintiff demands judgments against Defendants jointly and severally in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus interest and costs.

### COUNT II
### (Fraud and Misrepresentation)

49. Plaintiff realleges and incorporates by reference herein all of the paragraphs of Count I of this Complaint.

50. Plaintiff contacted Defendants on numerous occasions between October, 2003 and March, 2005 regarding the status of her case filed in U.S. District Court. On one occasion, Defendant Richardson advised Plaintiff to meet him in court on her case, when in fact her case had already been dismissed. Plaintiff came to court and Defendant Richardson failed to appear.

10

51. Defendant Richardson after the dismissal of Plaintiff's case demanded that she pay fees to further prosecute her case. Plaintiff sent certified funds via U.S. Express mail in the amount of One Thousand Dollars on October 27, 2003 to Defendant Richardson and Weinstock, Friedman and Friedman, PA to process her employment discrimination case.

52. Defendants received and cashed the funds received from Plaintiff in 2004 and thereafter.

53. All representations by Defendant Richardson. after October, 2003 were knowingly false and made with the intent to deceive Plaintiff as Defendants never advised Plaintiff that her case was dismissed by the Court with prejudice in October, 2003.

54. Plaintiff justifiably relied on the representations of her attorneys, Defendant Richardson and Defendant Weinstock, Friedman and Friedman and paid funds for the processing of her case.

55. Plaintiff contacted Defendants on or about March, 2005 to inquire about the status of her employment discrimination case. Defendant Lippman met with her and advised her that the case was dismissed in October, 2003.

56. As a result thereof Plaintiff suffered damages as a result of her reliance on Defendants representations.

57. At all times, Defendant Richardson was acting in furtherance of Defendants law firm business.

58. Defendant Richardson acting as the agent for Defendants acted with evil motive, actual malice or with intent to injure or in willful disregard for the rights of Plaintiff and Defendants joint conduct was outrageous, and or grossly fraudulent.

59. Defendant Weinstock, Friedman and Friedman and Lippman acted in willful disregard of the rights of Plaintiff and such conduct was outrageous and or grossly fraudulent.

WHEREFORE, Plaintiff hereby seeks judgment jointly and severally against the Defendants in the amount of ONE MILLION DOLLARS ( $1,000,000.00) as compensatory damages plus costs and interest and FIVE MILLION DOLLARS ($5,000.000.00) as punitive damages.

*/s/ Deborah K. Hines*
Deborah K. Hines          #433917
1717 K St., N.W., Suite 1107
Washington, DC 20036
(202) 824-8124

Attorney for Plaintiff

**JURY TRIAL REQUESTED**

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Karin Hughley

*Plaintiff*

vs. Edward Friedman

*Defendant*

05-0009694
Civil Action No. _____

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Deborah K. Hines
Name of Plaintiff's Attorney

1717 K Street NW
Washington DC 20036
Address

202-834-8124
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

KAREN HUGHLEY
Vs.
WEINSTOCK, FRIEDMAN AND FRIEDMAN PA

C.A. No.    2005 CA 009694 M

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date: December 21, 2005
Initial Conference: 9:30 am, Friday, March 24, 2006
Location: Courtroom 220
500 Indiana Avenue N.W.
WASHINGTON, DC 20001