UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAREN HUGHLEY

      Plaintiff

v.

WEINSTOCK, FRIEDMAN & FRIEDMAN,
P.A., et al.,

      Defendants

Civil Action No.: 1:06 cv 00088

## WEINSTOCK DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Weinstock, Friedman & Friedman, P.A., Melvin J. Weinstock, Sidney S. Friedman, Edward J. Friedman, and Jeffrey M. Lippman ("the Weinstock Defendants"), by their attorneys, William L. Mitchell, II, John S. Vander Woude, Tracie N. Wesner, and Eccleston & Wolf, P.C., hereby submit this Motion to Dismiss or, in the Alternative, for Summary Judgment pursuant to Federal Rules 12(b)(6) and 56(c). In support thereof, the Defendants state:

1.      This is a legal malpractice action wherein the Plaintiff, Karen Hughley, contends that she sustained damages as a result of the Defendants' legal representation in her federal employment discrimination case against her former employer, the U.S. Post Office.

2.      Plaintiff's Complaint fails to state any claims against the Weinstock Defendants upon which relief can be granted. Alternatively, there is no genuine dispute as to any material fact and the Weinstock Defendants are entitled to judgment as a matter of law.

3.      The individual Weinstock Defendants, Melvin Weinstock, Esquire, Sidney S. Friedman, Esquire, Edward J. Friedman, Esquire, and Jeffrey M. Lippman, Esquire, are entitled to dismissal of the claims against them because they cannot be held personally liable for the

negligent and/or fraudulent acts of the Defendant law firm's former employee, Co-Defendant Bruce Richardson.

4.      The Defendant law firm, Weinstock, Friedman & Friedman, P.A., is entitled to dismissal of the claims against it because Co-Defendant Richardson was acting outside the scope of his employment when he committed the alleged negligent and/or fraudulent acts described in the Plaintiff's Complaint.

5.      The Plaintiff's Complaint fails to state a claim for fraud/misrepresentation (Count II) upon which relief can be granted against the Weinstock Defendants.

6.      The Plaintiff's Complaint fails to state a claim for punitive damages (Count II) upon which relief can be granted against the Weinstock Defendants.

7.      The Weinstock Defendants are entitled to judgment in their favor as a matter of law on the Plaintiff's legal malpractice claim (Count I), since the undisputed facts show that the Plaintiff's underlying employment discrimination claim had no value.

8.      The Weinstock Defendants incorporate by reference, as if fully set forth herein, the arguments presented in their Memorandum of Law in support of this Motion.

WHEREFORE, for all the foregoing reasons and the reasons outlined in these Defendants' Memorandum of Law, Defendants Weinstock, Friedman & Friedman, P.A., Melvin Weinstock, Esquire, Sidney S. Friedman, Esquire, Edward J. Friedman, Esquire, and Jeffrey M. Lippman, Esquire, hereby respectfully request that the Court grant their Motion to Dismiss or, in the Alternative, for Summary Judgment, and enter judgment in their favor as to all claims.

_William L. Mitchell_

William L. Mitchell, II  (D.C. Bar No.:  476101)
John S. Vander Woude (D.C. Bar No.: 485423)
Tracie N. Wesner  (D.C. Bar No.: 492607)
Eccleston & Wolf, P.C.
2001 S. Street, N.W., Suite 310
Washington, D.C.  20009
(202) 857-1696
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of January, 2006 a copy of the foregoing

Motion to Dismiss or, in the Alternative, for Summary Judgment was mailed first class, postage

prepaid, to:

Deborah K. Hines, Esquire
1717 K Street, N.W., Suite 1107
Washington, DC  20036

Bruce L. Richardson
41 Black Oak Court
Reisterstown, Maryland  21136

_William L. Mitchell_

William L. Mitchell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAREN HUGHLEY

     Plaintiff

v.

WEINSTOCK, FRIEDMAN & FRIEDMAN,
P.A., et al.,

     Defendants

Civil Action No.: 1:06 cv 00088

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE WEINSTOCK DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Weinstock, Friedman & Friedman, P.A., Melvin J. Weinstock, Sidney S. Friedman, Edward J. Friedman, and Jeffrey M. Lippman ("the Weinstock Defendants"), by their attorneys, William L. Mitchell, II, John S. Vander Woude, Tracie N. Wesner, and Eccleston & Wolf, P.C., hereby submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss or, in the Alternative, for Summary Judgment.  In support thereof, the Defendants state:

### STATEMENT OF UNDISPUTED FACTS

This is a legal malpractice action wherein the Plaintiff, Karen Hughley, contends that she sustained damages as a result of the Defendants' legal representation in her federal employment discrimination case against her former employer, the U.S. Post Office.  For purposes of this Motion, the following facts are undisputed.

**The alleged legal malpractice:**

Defendant Weinstock, Friedman & Friedman, P.A. ("the Defendant law firm") is a professional association organized in the State of Maryland for the purpose of rendering legal

services.  Exhibits A-D, ¶ 3.[1]  The Defendant law firm employs approximately 40 attorneys and

has offices in Maryland and the District of Columbia.  Complaint, ¶ 3; Exhibits A-D, ¶ 3.

The Plaintiff's employment discrimination case was assigned to Co-Defendant Bruce

Richardson, a managing associate who worked out of the firm's Baltimore, Maryland office.

Complaint, ¶ 24.  Mr. Richardson, who was an attorney admitted to practice law in the State of

Maryland and the District of Columbia, was hired by the Defendant law firm to work as an

attorney.  Exhibits A-D, ¶ 4.  Mr. Richardson worked for the Defendant law firm for over 10

years.  Exhibits A-D, ¶ 4.  Mr. Richardson had sole responsibility for the Plaintiff's employment

discrimination case.  Exhibits A-D, ¶ 4.  His work on the Plaintiff's employment discrimination

case was not supervised by any member of the Defendant law firm due to the fact that he was an

experienced, managing associate, and he actually acted in a supervisory capacity for newer

associates at the firm.  Exhibits A-D, ¶ 4.

Mr. Richardson's employment with the Defendant law firm was terminated at the end of

February, 2005.  Exhibits A-D, ¶ 5.  At that time, the Weinstock Defendants conducted an audit

of Mr. Richardson's files, and they discovered, for the first time, that the Plaintiff's employment

discrimination suit had been dismissed by the U.S. District Court for the District of Columbia

due to Mr. Richardson's failure to serve the summons on the Defendant Postmaster.  Exhibits A-

D, ¶ 5.

The Weinstock Defendants immediately scheduled a meeting with Plaintiff Hughley

wherein they advised her of the dismissal of the lawsuit.  Complaint, ¶ 55; Exhibits A-D, ¶ 5.

This meeting was the only occasion that any of the individual Weinstock Defendants ever spoke

with the Plaintiff.  Exhibits A-D, ¶ 5.  They refunded Ms. Hughley the $3,000 that she allegedly

---

[1]  Attached hereto and incorporated by reference as Exhibits A-D are the Affidavits of Defendants Melvin Weinstock, Esquire, Sidney S. Friedman, Esquire, Edward J. Friedman, Esquire, and Jeffrey M. Lippman, Esquire.

paid to Mr. Richardson to pursue her employment discrimination claim. Exhibits A-D, ¶ 6. The Weinstock Defendants' accounting records show that only $1,500 was collected from Ms. Hughley and, therefore, it is these Defendants' belief that Mr. Richardson pocketed the excess money. Exhibits A-D, ¶ 6. Co-Defendant Richardson consented to disbarment in April of 2005. Complaint, ¶ 6.

**The underlying employment discrimination suit:**

Ms. Hughley claimed, in her employment discrimination suit against her employer, that she sustained injuries as a result of sexual harassment that she endured from two female co-workers while she worked at the U.S. Post Office. Complaint, ¶ 15. It is undisputed, however, that the Plaintiff also received workers' compensation benefits from the U.S. Post Office for the very same alleged injuries. Exhibits A-D, ¶ 7.

**LEGAL STANDARDS**

1.   <u>Motion to Dismiss</u>

A Rule 12(b)(6) motion to dismiss will be denied unless the plaintiff "can prove no set of facts in support of [her] claim which would entitle [her] to relief." <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The motion simply tests whether the plaintiff has properly stated a claim, not whether he will ultimately prevail on the merits. Thus, the court "must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the non-movant's favor." <u>Nwachukwu v. Karl</u>, 223 F. Supp. 2d 60, 69 (D.D.C. 2002). However, "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." <u>Haynesworth v. Miller</u>, 820 F.2d 1245, 1254 (D.C. Cir. 1987) (internal citations omitted).

2.     <u>Summary Judgment</u>:

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Aka v. Washington Hosp. Ctr.</u>, 156 F.3d 1284, 1288 (D.C. Cir. 1998). The record must be viewed in the light most favorable to the nonmoving party. <u>Aka</u>, 156 F.3d at 1288. The moving party carries the initial burden to either identify evidence demonstrating the absence of a genuine issue of material fact, *see* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986), or "point[] to the absence of evidence proffered by the nonmoving party." <u>Baker v. Potter</u>, 294 F. Supp.2d 33, 38 (D.D.C. 2003). The nonmoving party's opposition, however, "must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial." <u>McCain v. CCA of Tenn., Inc.</u>, 254 F. Supp.2d 115, 119 (D.D.C. 2003); <u>Harding v. Gray</u>, 9 F.3d 150, 154 (D.C. Cir. 1993) ("Mere unsubstantiated allegation… creates no 'genuine issue of fact' and will not withstand summary judgment"); <u>Sage v. Broadcasting Publ'ns, Inc.</u>, 997 F. Supp. 49, 53 (D.D.C. 1998) ("Conclusory allegations made in affidavits opposing a motion for summary judgment are insufficient to create a genuine issue of material fact"). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

**ARGUMENT**

I.      **The claims against the individual Weinstock Defendants must be dismissed because they cannot be held personally liable for the negligent and/or fraudulent acts of Co-Defendant Richardson.**

The individual Weinstock Defendants, Melvin Weinstock, Esquire, Sidney S. Friedman, Esquire, Edward J. Friedman, Esquire, and Jeffrey M. Lippman, Esquire, are entitled to complete dismissal from the instant lawsuit pursuant to the express terms of the Maryland Professional Association statute, which provides:

> [a]n employee of a domestic or foreign professional corporation is not liable for a negligent or wrongful act or omission of another employee of the corporation unless the employee is negligent in appointing, supervising, or cooperating with the other employee.

MD. CODE ANN., CORPS. & ASS'NS, § 5-121(a)(2) (1999).

All of the allegations of negligence, fraud and misrepresentation contained in the Plaintiff's Complaint relate to the alleged conduct of Co-Defendant Richardson, the managing associate attorney who had sole responsibility for the Plaintiff's employment discrimination suit. *See generally*, Complaint. *See also*, Exhibits A-D, ¶ 4. The individual Weinstock Defendants, in fact, never met the Plaintiff or had any conversations/communications with her until after Co-Defendant Richardson was terminated from the firm. *See*, Exhibits A-D, ¶ 5. The individual Weinstock Defendants then promptly met with the Plaintiff, told her that her case had been dismissed and refunded all of the money that she allegedly paid to Richardson. *See*, Exhibits A-D, ¶ 5, 6.

These individual Defendants had no knowledge of Co-Defendant Richardson's alleged negligent/fraudulent conduct until after his employment with the firm was terminated. *See*, Exhibits A-D, ¶ 5. Due to Co-Defendant Richardson's 10 years of experience as an attorney with the Defendant law firm, there was no reason for these Defendants to believe that he required

supervision while pursuing the Plaintiff's employment discrimination suit. *See*, Exhibits A-D, ¶ 4.

Plaintiff's Complaint, moreover, contains no direct allegations against the individual Weinstock Defendants, except for the bald assertion that they failed to supervise Richardson. *See*, Complaint, ¶ 46. This unsupported assertion is insufficient as a matter of law to state a claim for negligent supervision. In order to state a claim for negligent supervision, the Plaintiff must prove that the individual Weinstock Defendants knew or should have known that Co-Defendant Richardson behaved in a dangerous and/or incompetent manner and, armed with that knowledge, proceeded to inadequately supervise him. Giles v. Shell Oil Corp., 487 A.2d 610, 613 (D.C. 1986). *See also*, Jordan v. Western Distributing Co., 2004 U.S. Dist. LEXIS 12148 (D. Md. 2004) (finding that foreseeability is a crucial element of a negligent supervision claim). The Plaintiff's Complaint contains no such allegations and, therefore, fails to state a claim for negligent supervision.

Consequently, the individual Weinstock Defendants respectfully submit that they are entitled to judgment as a matter of law as to all claims because they cannot be held personally liable for the negligent/fraudulent conduct of Co-Defendant Richardson.

II. **The Defendant law firm is entitled to dismissal from suit because Co-Defendant Richardson was acting outside the scope of his employment when he committed the alleged negligent and/or fraudulent acts described in the Complaint.**

An employer may be held liable for the negligent and/or wrongful acts of its employee if the employee commits such conduct within the scope of his/her employment. Herbin v. Hoeffel, 2005 D.C. App. LEXIS 623 (September 20, 2005). However, an employee acts outside the scope of employment, and vicarious liability does not attach, when the employee is motivated by his/her own personal interests, rather than by the employer's interests. Id. (upholding summary judgment for the Defendant Public Defender Service where the undisputed facts showed that the

alleged negligent actions of the Defendant attorney/employee were committed for purely personal reasons). *See also*, <u>Sawyer v. Humphries</u>, 322 Md. 247, 256-57 (1991). Additionally, it is generally accepted that an employee acts outside the scope of employment when he/she commits a serious crime. <u>Fearnow v. The Chesapeake & Potomac Telephone Co</u>., 104 Md. App. 1, 67-68 (1995).

Like the Defendant Public Defender Service in the <u>Herbin</u> case, Weinstock, Friedman & Friedman, P.A., the Defendant law firm in this matter, is entitled to judgment as a matter of law on all claims because the undisputed facts show that Co-Defendant Richardson was acting outside the scope of his employment when he allegedly committed the negligent and/or fraudulent acts complained of in the Plaintiff's Complaint. Co-Defendant Richardson was hired by the Defendant law firm to litigate cases in accordance with the applicable rules of professional responsibility. *See*, Exhibits A-D, ¶ 4. The allegations contained in the Complaint, however, clearly suggest that Co-Defendant Richardson did not actively litigate the Plaintiff's employment discrimination claim, as the Complaint alleges that he failed on several occasions to submit required pleadings/briefs. *See*, Complaint, ¶ 28-40. In addition, Plaintiff contends that Co-Defendant Richardson falsely represented that her case was still active after it had, in fact, been dismissed, and that he even required her to pay additional "legal fees" after the dismissal. *See*, Complaint, ¶ 42-43, 50-51. It appears that Richardson charged the Plaintiff fees for his own benefit, as Ms. Hughley told these Defendants that she paid Richardson $3,000, but the law firm's accounting records only reflect a payment of $1,500. *See*, Exhibits A-D, ¶ 6. Immediately upon discovery of Richardson's actions, these Defendants refunded $3,000 to the Plaintiff. *See*, Exhibits A-D, ¶ 6.

Not only was this conduct by Co-Defendant Richardson in direct contravention to the Defendant law firm's purpose of hiring him, but it was also criminal and against Richardson's

ethical obligations as an attorney. A plain reading of the allegations contained in the Plaintiff's Complaint reveals that Richardson was solely motivated by his own personal interests in pocketing unauthorized "legal fees" from Plaintiff Hughley and then trying to cover up his actions. The negligent and/or fraudulent conduct complained of in the Complaint was obviously not conducted by Richardson in order to further the law firm's business. As such, the Defendant law firm respectfully submits that it cannot be held liable under a theory of vicarious liability for the actions of Richardson and is, therefore, entitled to judgment as a matter of law.

III.    **The Plaintiff's Complaint fails to state a claim for fraud/misrepresentation (Count II) against the Weinstock Defendants.**

Allegations of fraud must be plead with specificity, meaning the Plaintiff's Complaint must allege such facts as to establish all of the required elements of fraud. <u>Wiggins, Jr. v. District Cablevision, Inc.</u>, 853 F. Supp. 484, 498 (D.D.C. 1994). The elements of a fraud claim are: (1) a false representation, (2) concerning a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) upon which reliance is placed. <u>Id</u>.

In this case, the Plaintiff's Complaint fails to state a valid claim of fraud/misrepresentation against the Weinstock Defendants because there are no specific allegations of any false representations by them. The only specific allegations in the Plaintiff's fraud claim are directed toward Co-Defendant Richardson. <u>See</u>, Complaint, ¶ 50, 51, & 53. The Weinstock Defendants never made any false representations to the Plaintiff and, in fact, they never had any conversations or communications with the Plaintiff until March of 2005. At that time, they met with the Plaintiff to advise her of the dismissal of her employment discrimination claim and they refunded her money. <u>See</u>, Exhibits A-D, ¶ 5, 6. Since the Plaintiff's Complaint alleges no false representations by the Weinstock Defendants, these Defendants respectfully submit that the Plaintiff's fraud claim against them fails as a matter of law.

IV.   **The Plaintiff's Complaint fails to state a claim for punitive damages (Count II) against the Weinstock Defendants**.

In order to state a claim for punitive damages, the Plaintiff must show that the Defendant committed an intentional tort with "evil motive, actual malice, deliberate violence or oppression," or otherwise show "outrageous conduct in willful disregard for another's rights." Calvetti v. Antcliff, 346 F. Supp. 2d 92, 108 (D.D.C. 2004), *citing*, Robinson v. Sarisky, 535 A.2d 901, 906 (D.C. 1998).[2]

As indicated in Section III, *supra*, the Plaintiff's Complaint fails to state a claim for fraud/misrepresentation against the Weinstock Defendants, which is the only intentional tort contained in the Plaintiff's Complaint. The only specific allegations of fraud/misrepresentation are directed toward Co-Defendant Richardson. As there are no allegations in the Complaint that the Weinstock Defendants committed any intentional tort or otherwise acted with an evil motive/malice toward the Plaintiff, the Weinstock Defendants respectfully submit that the Plaintiff's punitive damages claim against them must be dismissed.

V.   **The Weinstock Defendants are entitled to judgment as a matter of law on the Plaintiff's legal malpractice claim (Count I) since the undisputed facts show that the Plaintiff's underlying employment discrimination claim had no value**.

Plaintiffs asserting claims for legal malpractice must show (1) an attorney-client relationship, (2) a breach of the applicable standard of care and (3) that the breach of the applicable standard of care proximately caused the alleged damages. Smith v. Haden, 872 F. Supp. 1040, 1053 (D.D.C. 1994). In order to make out the required element of proximate cause, the Plaintiff must show that he/she had a valid cause of action against the Defendant in the underlying suit. Id. *See also*, Thomas v. Bethea, 351 Md. 513 (1998).

---

[2] Maryland Courts allow punitive damages for non-intentional torts, but only if the Defendant's conduct rises to the level of actual malice, meaning the Plaintiff establishes evil motive, intent to injure, ill will or fraud. Owens-Illinois, Inc. v. Zenobia, 325 Md. 420 (1992). This Memorandum includes citations to both Maryland and District of Columbia law since the Plaintiff's Complaint does not specify the location of the alleged torts.

In this case, the undisputed facts reveal that the Plaintiff sustained no loss as a result of the actions complained of in the Complaint and, therefore, her legal malpractice claim fails as a matter of law.  It is undisputed that the Plaintiff quit her job with the U.S. Post Office in the summer of 1994 due to injuries she allegedly sustained as a result of harassment by two female co-workers.  *See*, Complaint, ¶ 15; Exhibits A-D, ¶ 7.  The Plaintiff, then, filed a claim for workers' compensation benefits based on these alleged injuries, and she was awarded workers' compensation benefits in January of 1995.  *See*, Exhibits A-D, ¶ 7.  Courts in the District of Columbia have held that if an employee's injuries are compensable under the Workers' Compensation Act ("WCA"), then the WCA provides the exclusive remedy for the employee against his/her employer.  Conversely, if an employee's injuries are not compensable under the WCA, then the employee's only redress is to file a tort claim in court.  Grillo v. National Bank of Washington, 540 A.2d 743, 748 (D.C. 1988).

Despite the fact that she had already recovered workers' compensation benefits, the Plaintiff retained the Defendants to pursue double recovery against her employer, the U.S. Post Office, for the same alleged injuries.  This claim would have failed even if it had been properly pursued by Co-Defendant Richardson because such double recovery against one's employer is not permitted.  Consequently, because the Plaintiff's underlying employment discrimination claim had no value, the Weinstock Defendants respectfully submit that they are entitled to judgment as a matter of law as to Plaintiff's legal malpractice claim.

WHEREFORE, for all of the reasons stated above, Defendants Weinstock Friedman & Friedman, P.A., Melvin Weinstock, Esquire, Sidney S. Friedman, Esquire, Edward J. Friedman, Esquire, and Jeffrey M. Lippman, Esquire, hereby respectfully request that the Court grant their Motion to Dismiss or, in the Alternative, for Summary Judgment, and enter judgment on their behalf as to all claims.

J:\52862\Motion\MSJ-memo.doc

Respectfully submitted,

_William L. Mitchell_

William L. Mitchell, II  (D.C. Bar No.:  476101)
John S. Vander Woude (D.C. Bar No.: 485423)
Tracie N. Wesner  (D.C. Bar No.: 492607)
Eccleston & Wolf, P.C.
2001 S. Street, N.W., Suite 310
Washington, D.C.  20009
(202) 857-1696
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of January, 2006 a copy of the foregoing

Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the Alternative,

for Summary Judgment was mailed first class, postage prepaid, to:


Deborah K. Hines, Esquire
1717 K Street, N.W., Suite 1107
Washington, DC  20036

Bruce L. Richardson
41 Black Oak Court
Reisterstown, Maryland  21136

_William L. Mitchell_

William L. Mitchell