UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN HUGHLEY<br><br>    Plaintiff<br><br>v.<br><br>WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A., et al.,<br><br>    Defendants | Civil Action No.: 1:06cv00088 |

## AFFIDAVIT OF MELVIN WEINSTOCK, ESQUIRE

I, Melvin Weinstock, Esquire, am over the age of eighteen years, am competent to testify and have personal knowledge of the matters set forth herein. I hereby swear and affirm under the penalties of perjury that the following statements are true and correct.

1. I am an attorney admitted to practice law in the State of Maryland.

2. I was a partner at Weinstock, Friedman & Friedman, P.A. until 1999. I currently serve as *of counsel* for the firm.

3. Weinstock, Friedman & Friedman, P.A. is a law firm organized in the State of Maryland for the purpose of rendering legal services. The firm has offices in Maryland and the District of Columbia, and it employs approximately 40 attorneys.

4. Co-Defendant Bruce Richardson served as an associate at the firm for over 10 years. Weinstock, Friedman & Friedman, P.A. hires attorneys that it believes will litigate cases in the best interests of the clients and the law firm, and it expects its attorneys to abide by the applicable rules of professional conduct. By 1996, Mr. Richardson had ascended to the level of senior associate with the firm and, in fact, he acted in a supervisory capacity over some of the


EXHIBIT A

firm's newer associates. Co-Defendant Richardson had sole responsibility for Plaintiff Karen Hughley's employment discrimination case and no partner at the firm supervised him on this matter due to Mr. Richardson's years of experience with the firm. I did not work on the Plaintiff's employment discrimination case.

5. Until early in 2005, I had no reason to suspect that Co-Defendant Richardson was not actively litigating his assigned cases in the best interest of his clients and the firm. However, in early 2005, I became aware of conduct by Mr. Richardson that led to his termination with the firm in February of 2005, as well as his subsequent disbarment. My partners and I then conducted an audit of Mr. Richardson's files. We discovered, for the first time, that the Plaintiff's employment discrimination claim had been dismissed due to Mr. Richardson's failure to serve the summons on the Defendant Postmaster. We immediately scheduled a meeting with the Plaintiff, honestly advised her of the dismissal of her lawsuit, and refunded her money. This is the only conversation/communication that I ever had with the Plaintiff regarding her employment discrimination suit.

6. Plaintiff Hughley told my partners and I that she paid Mr. Richardson $3,000 related to this matter. However, the firm's accounting records only show that $1,500 was paid by Ms. Hughley. It is my belief that Mr. Richardson pocketed this extra money from Ms. Hughley. The firm refunded $3,000 to the Plaintiff.

7. We reviewed Co-Defendant Richardson's file related to Plaintiff Hughley's employment discrimination claim after Mr. Richardson's termination and prior to meeting with Ms. Hughley. Ms. Hughley's file reflects that she initially sought, and received, workers' compensation benefits for the injuries that she allegedly sustained as a result of sexual harassment by two co-workers at the U.S. Post Office. *See*, Exhibit 1 attached hereto. (January

11, 1995 Order granting workers' compensation benefits.) Ms. Hughley then sought this firm's services in attempting to recover from her employer for these same injuries in an employment discrimination case.

1-17-06
Date

Melvin Weinstock, Esquire

U. S. Department of Labor       Employment Standards Administration
                                Office of Workers' Compensation Programs
                                800 North Capitol St. NW, Rm. 800
                                Washington, DC  20211
                                (202) 724-0713
January 11, 1995                           File Number:  A25-448897
                                   Date of Injury:  05/10/1994
                                   Employee:  KAREN T. HUGHLEY

KAREN T. HUGHLEY
6910 MOUNTAIN LAKE PLACE
CAPITOL HEIGHTS MD  20743

Dear Ms. Hughley:

I am writing in reference to your claim for the above injury, which you sustained while employed by the agency identified below.  Your claim is accepted for:

   ADJUSTMENT DISORDER WITH DEPRESSIVE FEATURES

If your injury results in disability for work or the need for medical treatment, you may be eligible to receive continuation of pay (COP) until you recover or return to full or light duty, up to a maximum of 45 calendar days.  If wage loss continues after the expiration of COP, you are eligible to claim disability compensation on Form CA-7.  Necessary medical expenses related to the injury will be processed for payment by this office following proper submission of charges.

Enclosed is a notice entitled "Now That Your Claim Has Been Accepted . . ." which provides information concerning payment of bills, claims for compensation, and other matters pertinent to your claim.

TO EMPLOYER:  Please provide a completed form CA-3 showing the dates the employee lost time from work.
                                                           (CA1008)
Sincerely,



BRENDA L. DETRIO
CLAIMS EXAMINER


Enclosure:  CA-1009




US POSTAL SERVICE                  HON ALBERT WYNN
INJURY COMPENSATION OFFICE         8601 GEORGIA AVE #201
WASHINGTON, DC  20066              SILVER SPRING MD 20785





EXHIBIT

4K

108