IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAREN HUGHLEY | * | |
| Plaintiff | * | Civil Action No. 1:06 cv 00088 |
| v. | * | |
| | | RWR |
| WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A. et al. | * | |
| | * | |
| Defendants | | |

**PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

Plaintiff Karen Hughley, by counsel, Deborah K. Hines, pursuant to 28 U.S.C. § 1447 ( c ), respectfully moves the Court to remand this case to the Superior Court for the District of Columbia, and as reasons therefore states:

Plaintiff filed her complaint in D.C. Superior Court on December 21, 2005 alleging legal malpractice, fraud and misrepresentation on the part of Defendants. As background for the legal malpractice claim, Plaintiff set out the facts of the underlying employment discrimination action against the United States Postal Service. Complaint ¶¶14-19. Plaintiff alleges in Count I of her complaint that Defendants committed legal malpractice when representing the Plaintiff in the sexual discrimination action. Count II alleges fraud and misrepresentation arising out of the legal malpractice claim. Plaintiff seeks compensatory and punitive damages for these actions. A Notice for Removal was filed by the Weinstock Defendants on January 6, 2006. Defendants, in their Petition for Removal, clearly misread the complaint as stating a claim for employment discrimination which it does not state.

1

28 U.S.C. § 1447 requires district courts to remand cases lacking subject matter jurisdiction. The Defendants argue that the present action is one in which the Court has original jurisdiction pursuant to 28 U.S.C.A. § 1331 and 1443. The Court has jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. In the vast majority of cases, federal jurisdiction is only appropriate where federal law creates the plaintiff's cause of action. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Otherwise, federal question jurisdiction is only proper where a "substantial, disputed question of federal law is one of the necessary elements of the well-pleaded state claims." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). A defendant may not remove an action to federal court unless it is apparent from the face of plaintiff's complaint that the case arises under federal law. *Id.* at 2. Where it is a close question, federal courts tend to remand to state courts. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941) (calling for strict construction of the removal statute); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Mellon Bank, P.A. v. Poling*, Civ. A.04-1461, 2004 WL 1535799 at *5 (E.D. Pa., June 10, 2004); *Register v. Rus of Auburn*, 193 F. Supp. 2d 1273, 1274 (M.D. Ala. 2002).

The present case arises purely out of state law, and any questions of federal law are subsidiary, and properly addressable by a state court. There should be no question that Plaintiff states no federal causes of action against the Defendants. The question then becomes whether a necessary element of the state claims involve a substantial question of federal law. It is true, as the Defendants point out, that it will need to be determined whether the Plaintiff would likely have been successful in her underlying claim

employment (absent the Defendants' negligence) and if so, to what extent. This question is properly characterized as a factual one, rather than a legal one. This is apparent from the fact that D.C. law requires use of experts to prove legal malpractice unless the malpractice is so obvious that a jury can find negligence as a matter of common knowledge. *Mills v. Cooter*, 647 A.2d 1118, 1123 (D.C. 1994). Thus, the D.C. Superior Court would not likely need to resolve any disputed, substantial questions of federal law.

The Defendants' removal of this case to this Court was improper in light of the fairly clear line of cases finding a lack of federal jurisdiction in legal malpractice actions against attorneys who are alleged to have negligently handled federal cases. For example, in *Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996), the Fourth Circuit found that there was no subject matter jurisdiction over a claim that an attorney for an employee benefit plan regulated by the Employment Retirement Income Security Act of 1974 (ERISA) committed malpractice. The defendant in that case argued that ERISA preempted the state malpractice claim and that there was a substantial federal question. The Court rejected both of these claims, holding that remand to state court was proper, especially because there was no strong federal interest in keeping the case in federal court. *Id.* at 1168-69 (citing *Merrell Dow Pharmaceuticals, Inc., supra*, for the proposition that federal jurisdiction will only lie where there is a substantial federal interest at stake).

In *Diaz v. Sheppard*, 85 F.3d 1502 (11th Cir. 1996), the Eleventh Circuit held that remand was appropriate in a case where federal law played a much larger role than in the present case. The plaintiff, Diaz, was an inmate who was part of a class action suit against the Florida Department of Corrections, alleging Eighth Amendment violations. Diaz sued Sheppard, the attorney who brought the suit, claiming that he "negligently

3

settled the case too cheaply." *Diaz*, 85 F.3d at 1504. The Court held that federal jurisdiction was not proper because the question of whether the attorney misinterpreted federal law in the underlying claim, such as would amount to malpractice, was itself a question of state law. *Id.* at 1505. The Court further explained that determining whether the defendant's actions related to the underlying federal claim were within the "range of the reasonable", a court would not have to make any precise decisions about the meaning of federal law in the first place. *Id.* at 1506.

    Similar to the plaintiff in *Custer*, the Plaintiff in this case is merely asserting state common law claims. The federal issues in this case are not substantial and there is certainly no federal interest in keeping this legal malpractice claim in federal court. Even if the federal issues related to the underlying discrimination and civil rights claims are raised, Congress' intent was to allow some cases to proceed in state courts. *See Yellow Freight System, Inc., v. Donnelly*, 494 U.S. 820, 823 (1990) (holding explicitly that claims under Title VII of the Civil Rights Act of 1964 are not within the exclusive jurisdiction of the federal courts).

    Similar to *Diaz*, the malpractice and other state claims raised in this case do not require any serious or precise interpretation of federal law. Based on the well-pleaded complaint, the Plaintiff is not arguing that the Defendants misinterpreted federal law, but rather that their failure to take ordinary care in prosecuting the employment discrimination claim caused the claim to be dismissed, denying the Plaintiff the compensation she likely would have received. Moreover, state courts are routinely charged with handling state common law claims that implicate one or more federal law issues. This is why federal courts remand almost every case where legal malpractice is

4

alleged in regard to underlying federal claims. *See, e.g., Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982); *Snook v. Deutsche Bank AG*, Civ. A.H-05-2694, __ F. Supp. 2d __, 2006 WL 126705 (S.D. Tex., Jan. 17, 2006) ("Permitting the [ ] Defendants to litigate this case in federal court would open the federal courts to garden variety malpractice, breach of duty, and similar state law claim in which the allegation is that the defendant gave fraudulent or negligent advice based on an unreasonable or otherwise faulty interpretation of federal law") (citation omitted); *Sheridan v. New Vista*, LLC, 1:05-cv-428, __ F. Supp. 2d __, 2005 WL 2090898 (W.D. Mich., Aug. 30, 2005); *Pickens v. Gardner*, 4:03-cv-40477, 2004 WL 22888957 (S.D. Iowa, Dec. 3, 2003) (remanding malpractice claim where underlying claim was under the Americans with Disabilities Act, for employment discrimination); *Thurston v. Beskins*, Civ. A.3:03-cv-00061, 2003 WL 23649713 (W.D. Va., Nov. 24, 2003) (dismissing counterclaim for malpractice because it is "based in state law"); *Fermin v. Moriarty*, 96 Civ. 3022 (MBN), 2003 WL 21787351 (S.D.N.Y., Aug. 4, 2003) (no federal question jurisdiction over legal malpractice claim even though wrongs alleged by plaintiff occurred during handling of a federal case); *Commonwealth Film Processing, Inc. v. Moss & Rocovich, P.C.*, 778 F. Supp. 283 (W.D. Va. 1991) (no federal jurisdiction for claim that attorney committed legal malpractice in underlying patent case).

    For all these reasons, the Plaintiff respectfully requests that this case be remanded to the D.C. Superior Court, and that Defendants be ordered to pay costs and attorneys fees pursuant to 28 U.S.C. § 1447 ( c).

        Respectfully submitted,

_____
Deborah K. Hines  #433917
1717 K Street, NW, Suite 1107
Washington, DC 20036
(202) 824-8124
*Attorney for Plaintiff*

### Certification Pursuant to Local Civil Rule 7 (m)

I hereby certify that on January 30, 2006, I contacted Tracie N. Wesner, Esq., opposing counsel by telephone in a good faith effort to obtain consent to the Motion for Remand. I spoke with Tracie Wesner, Esq. who stated that she does not consent to the filing of this motion.

The Motion is opposed by the Weinstock Defendants.

_____
Deborah K. Hines

### REQUEST FOR HEARING

Plaintiff hereby requests a hearing on a Motion for Remand.

_____
Deborah K. Hines

**CERTIFICATE OF SERVICE**

I Hereby certify that on this   31st   day  of January, 2005, a copy of the foregoing Motion to Remand was sent via first class mail postage prepaid to :

William Mitchell, II, Esq.
John S. Vander Woude, Esq.
Tracie N. Wesner, Esq.
Eccleston & Wolfe, P.C.
2001 S Street, N.W. Suite 301
Washington, D.C. 20009

Bruce Richardson
41 Black Oak Court
Reisterstown, MD 21136

_____
Deborah K. Hines