### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KAREN HUGHLEY** | ) | |
| **Plaintiff,** | ) | **Civil Action no.: 1:06 cv 00088** |
| **v.** | | **RWR** |
| **WEINSTOCK, FRIEDMAN &** | | |
| **FRIEDMAN, P.A.  et. al.** | ) | |
| | ) | |
| **Defendants** | ) | |

### PLAINTIFF'S OPPOSITION TO WEINSTOCK DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Plaintiff Karen Hughley by her attorney, Deborah K. Hines hereby files this opposition to Defendants Weinstock , Friedman & Friedman, P.A., Melvin J. Weinstock, Sidney S. Friedman, Edward J. Friedman and Jeffrey M. Lippman ( " the Weinstock Defendants") Motion to Dismiss and or in the Alternative for Summary Judgment for the reasons set forth herein. Plaintiff further attaches to this Opposition her Rule 56(f) Affidavit to request a postponement on any Summary Judgment ruling until a sufficient time for discovery has expired.

### PROCEDURE

On December 21, 2005 Plaintiff Karen Hughley filed a complaint in the Superior Court of the District of Columbia alleging legal malpractice against the Weinstock Defendants and Defendant Bruce Richardson, a former employee for acts committed in prosecuting Plaintiff's employment discrimination case against the United States Post office in

D.C.

A Notice of Removal was filed by the Weinstock Defendants on January 6, 2006.

A Motion to Dismiss and or in the Alternative for Summary Judgment was filed on

January 17, 2006 by the Weinstock Defendants.

Plaintiff filed her Motion to Remand on January 31, 2006.

## THE LAWSUIT

Count One of the complaint alleges negligence for legal malpractice for the following acts:

(Complaint paragraph 45 ( A- G)

(A)     Failing to adequately investigate, assess and evaluate Plaintiff's employment

discrimination claim;

(B)     Failing to assert all available claims on behalf of Plaintiff under the administrative

procedure with the EEOC.

( C)     Failing to associate with counsel with the knowledge, experience and expertise to

properly investigate, evaluate and prosecute Plaintiff's claims.

( D)     Failing to actively and zealously represent Plaintiff by failing to file briefs, failing to

respond to Judge's Orders and failing to prosecute plaintiff's claims;

(E)     Failing to serve the summons and Complaint on Defendant Post Master General

resulting in dismissal with prejudice of Plaintiff's complaint;

(F)     Failing to keep Plaintiff informed on her case.

(G)     Failing to abide by the court's orders in the EEOC level and in the United States

District Court.

In addition to the aforesaid negligence, Plaintiff alleges that the Weinstock Defendants

negligently failed to supervise and or train  Defendant Bruce Richardson and were negligent in

other ways which resulted in harm to the plaintiff. ( Complaint paragraph 46)

Count two of the complaint alleges fraud and misrepresentation against the Defendants.

The Complaint seeks compensatory and punitive damages.

<u>**STATEMENT OF UNDISPUTED FACTS**</u>

1.      Defendant Weinstock, Friedman & Friedman, P.A. is a foreign corporation organized in

the state of Maryland for the purpose of rendering legal services.  See Defendant Exhibit A- D

¶ 3.

2.      Plaintiff Karen Hughley retained the legal services of Defendant Weinstock, Friedman &

 Friedman on or about 1996 through a Pre-Paid legal Services arrangement with Pre-Paid Legal

Services , Inc.  to assist her in an employment discrimination case against the United States Post

Office.  Upon contacting the 1-800 phone number, she was assigned Defendant Bruce

Richardson.  Plaintiff believes she first  met with Defendant  Bruce Richardson to discuss her

employment sometime in 1996. Hughley Affidavit   ¶ 1

3.      Defendant Richardson was an attorney admitted to practice law in the Sate of Maryland

 and the District of Columbia.   Defendant Weinstock, Friedman and Friedman through its

predecessor firm hired Defendant Bruce Richardson to work as an attorney. Defendant Exhibits

A-D ¶ 4

4.      Defendant Richardson was hired by Defendant Weinstock, Friedman, and Friedman, P.A. shortly before Plaintiff retained the law firm.  Defendant Exhibits A-D paragraph 4.  He was terminated in February, 2005. Defendant Exhibits A-D ¶  5.

5.      No partner at Defendants  law firm ever supervised , trained, audited or oversaw Defendant Richardson's work on Plaintiff Hughley's case during the nine (9) years she was a client of the law firm.  See Defendant Exhibit A-D  ¶ 4.

6.      The first time that the Weinstock Defendants ever reviewed and or audited Plaintiff's employment case was after February 5, 2005 when Defendant Richardson was fired. Defendant Exhibits A-D  ¶  5, 7.

7.      Plaintiff contacted Defendant Weinstock, Friedman and Friedman on March 10, 2005  to discuss what she believed to be her ongoing employment discrimination litigation case.  She was advised that Defendant Bruce Richardson no longer worked there.  She received a phone call from Defendant Jeffrey Lippman who stated her federal employment  case was dismissed in 2003 by the court. He apologized about the situation and stated she had been misled materially by Defendant Richardson. He acknowledged she had paid $2500.00 or more to the firm. He suggested a meeting with the partners.  Hughley Affidavit ¶2

8.      Plaintiff met with Defendant Jeffrey Lippman and other partners of Defendant Weinstock, Friedman and Friedman on or about March 15, 2005 to discuss her case.  Subsequent to the meeting, Plaintiff Hughley requested her file from Defendants. She received a partial file consisting of some correspondence and legal pleadings. See Hughley Affidavit ¶   3

9.      Plaintiff Hughley had no reason to believe her case was not being actively litigated in her

best interest until she reviewed her partial file and spoke and  met with the defendant partners. See

Hughley Affidavit  ¶ 4

10.      When Plaintiff Hughley reviewed her file sometime after March 22, 2005 she discovered

for the first time that her case had not been properly handled for many years.  In the papers

provided to her by the Weinstock Defendants was a September 27, 1999 Order by Administrative

Judge John K. Fellin. Judge Fellin in his Order admonished the Defendants for failing to reply to a

Notice for Summary Judgment, failing to brief Plaintiff's  constructive discharge claim and  failing

to request discovery. Judge Fellin in his Order noted that Defendants had shown an unwillingness

to cooperate in the processing of Plaintiff's case.  See Hughley Affidavit  ¶ 5   and Exhibit no. 1

attached to the Affidavit of Karen Hughley ( September 27, 1999 Order granting Summary

Judgment to the Post Office)


11.      At various times throughout the attorney client relationship between Plaintiff and

Defendants, Plaintiff paid monies to Defendants to process her employment claim.  On or about

October 27, 2003, Plaintiff sent via Express Mail a certified check in the amount of $1000.00 to

Defendants.  See Hughley Affidavit  ¶ 6     and Exhibit no. 2)


12.      Plaintiff Hughley sought and received Defendants' assistance in her  Worker's

Compensation case against the U. S. Post office.  She further sought Defendants services on or

about 1996 to recover for damages stemming from her employment discrimination case that were

not related nor the same damages as  her Workers Compensation case.  See Hughley Affidavit ¶7

13.    Plaintiff Hughley also sought and received  the services of Defendants for her divorce and

bankruptcy and other legal matters during the period from 1996 until March, 2005. Hughley

Affidavit ¶ 8

## LEGAL STANDARD

_____Defendants motion is captioned as a Motion to Dismiss or in the Alternative, for Summary

Judgment.  A  Rule 12(b)(6) Motion to Dismiss for failure to state a claim under which relief can

be granted is designed to dismiss a case where no remedy exists and no relief could be granted.  It

is appropriate if the claim does not state a legal theory or fails to allege sufficient facts to support

a claim.  SmileCare Dental Corp. v. Delta Dental Plan of Cal. Inc.  88 F. 3d 780 , 783 ( 9th cir.

1996), cert. denied, 519 U.S. 1028, 117 S. S.Ct. 583, 136 L. Ed. 5132 ( 1996).  The Court must

resolve all inferences in the light most  favorable to the non-moving party  Albright v. Oliver, 510

U.S. 266, 267, 114 S.Ct. 807, 810, 127 L. Ed. 2d. 114 (1994).      Federal R. Civ. P. 8 states a

pleading shall contain a sort and plain statement of the claim showing that the plaintiff is entitled

to relief.

In a motion for summary judgment, the Court must grant the motion for summary

judgment "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 ( c )

Summary judgment is mandated after there has been an "adequate time for discovery against a

party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial  and the judgment is

appropriate as a matter of law.  Celotex Corp. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552,

91 L. Ed. 2d. 265 ( 1986) All evidence will be construed in the light most favorable to the non-

moving party and all reasonable inferences shall be dawn in the non-moving party's favor. Hunt v.

Cromartie, 526 US. 541, 550, 119 S.Ct. 1545, 143 l. Ed. 2d. 731 ( 1999). Plaintiff herein attaches

a Rule 56(f) Affidavit to defer ruling on any Motion for Summary Judgment until a sufficient time

to conduct discovery has expired.

     For the reasons set forth herein, Defendants Motion must fail.


### ARGUMENT

**I.**     **The Individual Weinstock Defendants can be held personally liable for  negligently supervising and or training Defendant Bruce Richardson which resulted in the acts committed by Defendant Bruce Richardson**

     The Complaint alleges the individual Weinstock Defendant partners, Melvin

Weinstock, Sidney S. Friedman, Edward Friedman and Jeffrey Lippman  negligently

failed to supervise and or train Defendant Bruce Richardson. Defendant Richardson was an

associate in Defendants' law firm.  Complaint ¶46.  Defendant Richardson  was hired on or

around  the same time as Plaintiff retained Defendants to represent her. Defendant Exhibits A-D

¶ 4.  Defendants admit in their Statement of Facts that they never supervised Defendant during

the entire nine ( 9)  year period that Plaintiff's employment discrimination case was ongoing in

their office.   Defendants  admit in their Affidavits they only audited and reviewed the Plaintiff's

file after Defendant Richardson's termination by the firm. Defendants Exhibits A-D ¶ 5,7

Plaintiff's case was dismissed in October, 2003. Complaint  ¶  41. Hughley Affidavit ¶ 2

Yet, on September 27, 1999, five years earlier, administrative law Judge Fellin in his Order cited Defendants for their failure and unwillingness to cooperate in the processing of Plaintiff's employment claim by failing to abide by the court's orders. Complaint ¶ 31 and 32.   Summary Judgment was granted in the underlying administrative case due to Defendants failure to respond to the Notice for Summary Judgment. Complaint ¶ 32.   The individual Defendants knew or should have known as early as September, 1999 that Defendant Richardson was negligent and or incompetent in the handling of Plaintiff's case.

Defendant Richardson filed Plaintiff's Complaint in U.S. District Court in October, 2002. On May 27, 2003, a show cause order was issued by the court for Defendants failure to prosecute Plaintiff's case and serve the summon and Complaint on the Post Master General.  Complaint paragraph¶. 39.  Exhibit 3

To invoke the theory of negligent supervision, a party must show that the individual Defendant partners knew or should have known that Defendant Richardson behaved in an otherwise incompetent manner and that armed with either actual or constructive knowledge, failed to adequately supervise the employee. Negligent supervision may be asserted even to activities which are sometimes outside the scope of employment. Brown v. Argenbright Security, Inc. et. al, 782 A. 2d. 752 at 759-760  ( D.C. 2001) ( sexual assault) citing  Giles v. Shell Oil Corp., 487 A. 2d. 610,613  ( D.C. 1986)

Armed with the constructive and or or direct knowledge from the Judges' orders, the Complaint alleges the  individual Defendant law partners negligently supervised Defendant

Richardson.  Based on these allegations alone set forth in the Complaint, the individual Weinstock

Defendants knew or should have known that Defendant Richardson was acting incompetently

from at least September,  1999 through October, 2003. Since the individual Weinstock failed to

supervise  Defendant Richardson's work as alleged and was armed with the direct and or

constructive knowledge of the Judges' Orders at the administrative level and federal court, it was

foreseeable that  Defendant Richardson was not acting in the best interest of Plaintiff and her case.

 These facts alone are more than sufficient to establish a claim for negligent supervision.[1]

II.    **Defendant Weinstock, Friedman and Friedman is liable for the acts of Defendant Richardson under the theory of respondeat superior as he was acting within the scope of his employment when he committed the alleged negligent and or fraudulent acts.**

Under the theory of respondeat superior which is a doctrine of vicarious liability, an

employer is liable for the torts committed by his employees acting  within the scope of their

employment.  Hechinger v. Johnson, 761 A. 2d. 15, 24,    ( D.C. 2000) citing Weinberg v.

Johnson, 518 A. 2d. 985, 988 ( D.C. 1986). If the employee acts in part to serve his employer's

interest, the employer will be held liable for the intentional torts of his employee, even if prompted

---

[1]    The Complaint also alleges that Defendants owed and
breached  a duty to exercise the ordinary professional care of
attorneys in prosecuting Plaintiff's claim. Complaint ¶ 44, 45.
The Code pf Professional Conduct rule 5.1 places on partners a
responsibility for another lawyer's violations if the partner
reasonably should have known of the conduct of the employee at a
time when its consequences could have been avoided or mitigated
but failed to take action.

partially by personal motives, such as revenge. Hechinger, *761 A. 2d* at 24.

An employer is liable for the torts of his employee acting in the scope of employment even if the employee disobeys the employer's orders or when the act is a crime.  Meyers v. National Detective Agency , Inc.  281 A. 2d. 435, 437 ( D.C. 1971).  In Meyers v, National Detective Agency, Inc., 281 A.2d. at 437,  the employer instructed the employee, a security officer,  that the use of dogs on security patrol was strictly  forbidden. The employee nonetheless disobeyed orders and armed  with a dog on patrol attempted to show the dog's training to persons in casual conversation when the dog bit Meyers.  The court held that the employee's actions were not as a matter of law outside the scope of his employment and were in furtherance of his employer's business. The case was entitled to go to the jury. In Safeway Stores v. Kelly, 448 A. 2d. 856 ( D.C. 1982), the court found that Safeway was vicariously liable for the intentional tortious acts   ( assault and battery)  of a security  guard  acting within the scope of his employment  See also Hechinger v. Johnson , *supra* ( assault and battery).


Herbin v. Hoeffel et. al., 2005 D.C. App. LEXIS 623 ( September 20, 2005) cited by Defendants is distinguishable because sufficient evidence existed to show no attorney client relationship existed between Hoeffel,  the employee, and Appellant during her entire tenure with the Public Defender's Office.  Hoeffel had only a personal relationship as a former lover  and was motivated solely by personal motives as a disgruntled former lover  in her actions against Herbin. Since no attorney client relationship existed, Hoeffel's employer, the Public Defender Service could not be found vicariously liable for any acts. Summary judgment was properly granted under those facts.

In the instant case, it may be inferred from the facts that Defendant Richardson was acting

to protect the Weinstock Defendants by attempting to prevent Plaintiff from leaving the firm as a

client and also from filing an action against the firm for mishandling of her case. This is in

furtherance of Defendant law firm's business. Defendants have admitted in their affidavits that

Defendant Richardson was an employee, assigned to litigating cases such as Plaintiff's case.

Plaintiff had an attorney client relationship with Defendants. See Hughley Affidavit ¶ 1  and

Defendants Affidavits A-D  ¶4.  Plaintiff had several cases over the years within the firm in

addition to the employment discrimination case.. Hughley Affidavit ¶ 8.   Even if Defendant

Richardson were only partially motivated by his employer's interests, the employer does not avoid

liability for the employee's intentional torts, if the tort is committed partially because of a personal

motive alleged herein by defendants as long as the "employee actuated, at least in part, by a desire

to serve his principal's interest." Weinberg v. Johnson, 518 A. 2d. 985, 988  (D.C. 1986)  citing

Jordan v. Medley, 228 U.S. App. D.C. 425, 428, 711 F.2d. 211, 214 (1983).

Where the employee is in the course of performing job duties, the employee is presumed to be

intending, at least in part, to further the employer's interests.

III.     **Plaintiff's Complaint states a valid claim for the intentional tort of
         fraud/misrepresentation against the Weinstock Defendants**

 

A 12(b) ( 6) motion tests the legal sufficiency of a party's claim. The rule is designed to

"screen out cases" where no remedy exists for the wrong alleged or where no relief could possibly

be granted. Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys, Inc.  988 F. 2d. 1157, 1160

( Fed Cir. 1993).  Such motions in  light of "notice pleadings" are generally denied. Gregson v.

Zurich American Ins. Co. , 322 F. 3d. 883, 885 ( 5th Cir. 2003).  Fed .R. Civ. P.  8 sets forth that

a pleading shall set forth a short and plain statement of the claim.  Plaintiff's complaint far exceeds

these requirements.

The elements of fraud are a false representation of material fact which is knowingly made

with the intent to deceive and action is taken in reliance upon the misrepresentation. Non-

disclosure of material information may constitute fraud, especially where there is a duty to

disclose.  Pyne v. Jamaica Nutrition Holdings Ltd. 497 A. 2d. 118, 131 ( D.C. 1985).  The

Complaint sets forth the facts of the alleged fraud and misrepresentation.  Complaint ¶49-59.

Plaintiff alleges Defendant Bruce Richardson, the employee, of Defendant law firm, Weinstock,

Friedman and Friedman misrepresented the status of Plaintiff's case and accepted monies on

behalf of the law firm after her employment case was dismissed.  As stated in section II herein, an

employer may be held liable for the intentional torts of his employee acting within the scope of

their employment.  Defendants acknowledge the law firm accepted monies through its accounting

department. Plaintiff alleges some monies were accepted after her case was concluded.

The individual Weinstock Defendants as partners may be considered agents of the

corporation. Facts developed during discovery may show their  specific involvement. Discovery

has not commenced as the case was filed just two prior to the filing of Defendants' motion for

dismissal  or summary judgment.      As to further elaboration, Plaintiff attaches her Rule 56(f)

Affidavit and requests a postponement of any ruling until discovery . At this time, it would be

highly prejudicial to dismiss Plaintiff's claims.

IV.    **Plaintiff's Complaint states a claim for punitive damages against the Weinstock
       Defendants**. ( See section III herein)

_____Plaintiff seeks punitive damages against the Weinstock Defendants. Punitive damages are recoverable for fraud and misrepresentation where the act is with evil motive, actual malice, or with intent to injure or in willful disregard for the rights of the Plaintiff. Complaint ¶ 49-59

Plaintiff submits that it is too early to establish specific facts to defeat the Motion and attaches her Rule 56(f) Affidavit. Specific facts developed during discovery may show that the individual Weinstock defendants acting as agents for the corporation participated either knowingly or by not disclosing material information to the Plaintiff of Defendant Richardson's actions. However, the facts set forth in the Complaint are sufficient to state a claim for fraud and punitive damages pursuant to notice pleading.

V.    **The Plaintiff was entitled to recover damages in her underlying employment discrimination claim for sexual harassment**

Plaintiff's Complaint sets forth the requisite allegations for a legal malpractice claim. Plaintiff asserts and Defendants agree that there was an attorney client relationship. Plaintiff alleges a breach of the applicable standard of care. Complaint ¶ 45 A-G. As a result of the breach of the standard of care, Plaintiff alleges she was harmed because Defendants' malpractice and negligence precluded her from obtaining full and fair compensation for her injuries in her sexual discrimination employment case. Complaint ¶ 48.

Plaintiff filed a claim for Workers Compensation benefits and was awarded partial benefits pursuant to Federal Employees Compensation Act (FECA). Hughley Affidavit ¶ 7 An administrative claim was filed for sexual harassment against the U.S. Post office and a subsequent law suit was filed for sexual harassment against her employer after denial of her administrative

-13-

claim.  Hughley Affidavit  ¶7 and Exhibit 3.

The Weinstock Defendants erroneously allege that Workers Compensation provides the exclusive remedy against the employer. Defendants further erroneously assert that Plaintiff would be barred from seeking recovery in an employment sexual discrimination case as "double recovery".  These very same arguments and facts were addressed and rejected in the case of Nichols v. Frank, 42 F. 3d. 503 ( D.C. 1994).

Federal Workers compensation compensate employees for certain lost wages and medical costs stemming from injury by accident  on the job.  5 U.S.C. § 8102.

The harm in Plaintiff's employment discrimination  case arose from her employer's acts of sexual harassment and discrimination which were intentional rather than accidental.  Nichols v. Frank,   42 F. 3d. 503, 515 - 516 ( D.C. 1991)  The emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses fall outside FECA's definition of injury. Nichols, 42 F.3d. at 515. 42 U.S. C. 1981(b)(3).  A victim of sexual discrimination from post traumatic stress disorder may also recover as back pay damages the difference of what was paid under FECA and what she would have been entitled to receive, notwithstanding receipt of workers compensation.

Plaintiff is not seeking double recovery but allowable damages under the law. Had Plaintiff's lawsuit been properly litigated, she would have been able to maintain a sexual harassment and discrimination lawsuit against the United States Post office for damages not covered or barred by the FECA.  Accordingly, Plaintiff's case has substantial value. [2]

---

[2]Grillo v. National Bank, 540 A. 2d. 743 (D.C. 1988)cited by Defendants  is not applicable under the facts of this case. Grillo sued the employer directly in court on a tort action.

**CONCLUSION**

_____For the reasons set forth herein, the Weinstock Defendants Motion to Dismiss or in the

Alternative for Summary Judgment must be denied or deferred on its ruling.


**CERTIFICATE OF SERVICE**


I Hereby certify that on this    1st day  of February, 2006  a copy of the foregoing was sent via
first class mail postage prepaid to :

William Mitchell, II, Esq.
John S. Vander Woude, Esq.
Tracie N. Wesner, Esq.
Eccleston & Wolfe, P.C.
2001 S Street, N.W. Suite 301
Washington, D.C. 20009

Bruce Richardson
41 Black Oak Court
Reisterstown, MD 21136




_____
Deborah K. Hines