UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAREN HUGHLEY | ) | |
| Plaintiff, | ) | Civil Action no.: 1:06 cv 00088 |
| v. | | RWR |
| WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A. et. al. | ) | |
| | ) | |
| Defendants | ) | |

## AFFIDAVIT OF KAREN HUGHLEY

I, Karen T. Hughley do hereby declare and affirm that I am over eighteen years of age, am competent to testify to the matters herein which are based on my personal, information and belief. I hereby swear and affirm under the penalties that the foregoing statements are true and correct to the best of my personal knowledge information and belief.

1. I retained the legal services of Defendant Weinstock, Friedman & Friedman on or about 1996 through a Pre-Paid legal Services arrangement with Pre-Paid Legal Services, Inc. to assist me in an employment discrimination case against the United States Post Office. Upon contacting the 1-800 phone number, I was assigned Defendant Bruce Richardson. I first met with Defendant Bruce Richardson to discuss my employment case sometime in 1996.

2. I contacted Defendant Weinstock, Friedman and Friedman on March 10, 2005 to discuss what I believed to be my ongoing employment discrimination litigation case. I was

1

advised that Defendant Bruce Richardson no longer worked there. I received several phone calls from Defendant Jeffrey Lippman who stated my federal employment case was dismissed in 2003 by the court. He apologized about the situation and stated I had been misled materially by Defendant Richardson. He acknowledged I had paid $2500.00 or more to the firm. He suggested a meeting with the partners.

3. I met with Defendant Jeffrey Lippman and other partners of Defendant Weinstock, Friedman and Friedman on or about March 15, 2005 to discuss my case. After the meeting, I requested my file from Defendants. I received a partial file consisting of some correspondence and legal pleadings.

4. I had no reason to believe my case was not being actively litigated in my best interest until I reviewed my partial file and spoke and met with the defendant partners. From 1996 until March 10, 2005, I believed my employment discrimination case was proceeding in my best interest. I met with and discussed my case on countless occasions throughout the years with Defendant Bruce Richardson.

5. When I reviewed my file sometime after March 22, 2005 I discovered for the first time that my case had not been properly handled for many years. In the papers provided to me by the Weinstock Defendants was a September 27, 1999 Order by Administrative Judge John K. Pellin. Judge Pellin in his Order admonished the Defendants for failing to reply to a Notice for Summary Judgment, failing to brief the constructive discharge claim and failing to

request discovery. Judge Fellin in his Order noted that the Defendants had shown an unwillingness to cooperate in the processing of my case.

6. At various times throughout my attorney client relationship with the Defendants, I paid monies to Defendants to process my employment claim. On or about October 27, 2003, I sent via Express Mail a certified check in the amount of $1000.00 to Defendants.

7. I also sought and received Defendants' assistance in my Worker's Compensation case against the U. S. Post office. I additionally sought Defendants services on or about 1996 to recover for damages stemming from my employment discrimination case that were not related nor the same damages as my Workers Compensation case.

8. I also sought and received the services of Defendants for my divorce, bankruptcy and several other legal matters during the period from 1996 until March, 2005.

_____                              /s/
Date                                           Karen T. Hughley

Feb 01 06 12:25p    Deborah Hines                    2025287220              p.4

request discovery. Judge Fellin in his Order noted that the Defendants had shown an unwillingness to cooperate in the processing of my case.

6. At various times throughout my attorney client relationship with the Defendants, I paid monies to Defendants to process my employment claim. On or about October 27, 2003, I sent via Express Mail a certified check in the amount of $1000.00 to Defendants.

7. I also sought and received Defendants' assistance in my Worker's Compensation case against the U.S. Post office. I additionally sought Defendants services on or about 1996 to recover for damages stemming from my employment discrimination case that were not related nor the same damages as my Workers Compensation case.

8. I also sought and received the services of Defendants for my divorce, bankruptcy and several other legal matters during the period from 1996 until March, 2005

Feb. 1st, 2006
Date

Karen T. Hughley

3