EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1400 L Street, N.W., Suite 200
Washington, D.C. 20005

| | | |
|---|---|---|
| Karen T. Hughley, ) | | |
| Complainant, ) | EEOC No. | 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X |
| ) | | |
| v. ) | | |
| ) | | |
| William J. Henderson, ) | Agency No. | 4-K-200-1285-94 |
| Postmaster General, ) | | |
| United States Postal Service, ) | | |
| Agency. ) | | |

## FINDINGS AND CONCLUSIONS
### INTRODUCTION

These Findings and Conclusions are issued pursuant to 29 C.F.R. § 1614.109(d)(3) (1998) and 29 C.F.R. § 1614.109(e) (1998). On June 16, 1999, I issued a Notice Regarding Summary Judgment ("Notice") that explained the legal standards for summary judgment. On July 12, 1999, I modified the Acknowledgment Order to require a response to the Notice by September 1, 1999. The Agency timely responded to the Notice. Complainant, represented by counsel, has not replied to the Notice. In a September 3, 1999 Order (attached), I modified the issue for hearing and ordered the parties either to brief the constructive discharge claim or to request discovery on the issue of constructive discharge. Neither party filed a response to that Order within the time permitted.

Complainant has shown an unwillingness to cooperate in the processing of her case. She failed to reply to the Notice Regarding Summary Judgment, although that Order warned that a "[f]ailure to file a response may result in sanctions and/or dismissal." Complainant has filed nothing in response to the September 3, 1999 Order. Complainant has the burden of proceeding with her complaint. See Schneider v. Department of the Treasury, EEOC Request No. 05940298 (Dec. 9, 1994), Wrenn v. Department of Veterans Affairs, EEOC Request No. 05920705 (April 1, 1993). Because there exists sufficient information available upon which to base an adjudication, See EEOC Request No. 05940298, and there exists no dispute over material facts, I am issuing a recommended decision.

PLAINTIFF'S EXHIBIT NO. 1

156 F.3d at 1290; Barbour v. Merrill, 48 F.3d 1270, 1277 (D.C. Cir. 1995). Therefore, I conclude that summary judgment in favor of the Agency is appropriate.[7] I recommend that the Agency issue a finding of no discrimination.

## NOTICE

Pursuant to EEOC regulation, the Administrative Judge's findings and conclusions and the relief ordered, if any, will become the final decision binding on the Agency if the Agency has not issued a final decision adopting, rejecting, or modifying the findings and conclusions within 60 calendar days after the date the Agency received the findings and conclusions, including the transcript, if any. 29 C.F.R. § 1614.109(g) (1998). In such event, the Agency will notify Complainant that, pursuant to 29 C.F.R. § 1614.110 (1998), the Administrative Judge's findings and conclusions and the relief ordered, if any, is the Agency's final decision.

The Agency will notify Complainant in writing of his or her right to appeal to the Commission and the time limits applicable thereto. The Agency will also notify Complainant of his or her right to file a civil action in federal district court and of the right of an unrepresented plaintiff to request court appointed counsel. Hilliard v. Volcker, 659 F.2d 1125 (D.C. Cir. 1981).

Finally, the Agency is reminded that all notices to Complainant concerning his or her statutory rights to file a civil action, and all other documents, information sheets and the like concerning the processing of complaints within the particular agency, should include the identity of the appropriate head of the department or agency against whom, in his or her official capacity, a civil action may be commenced.

Date: September 27, 1999

John K. Felkin
Administrative Judge

---

[7] See Hicks, 509 U.S. at 511 and n.4. In response to Notice, Complainant was responsible for producing evidence of a discriminatory motive or the lack of credibility of the Agency's legitimate nondiscriminatory explanations. See Hicks, 509 U.S. at 511; Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Giannopoulos v. Brach & Brock Confections, Inc., 109 F.3d 406, 410 (7th Cir. 1997) (plaintiff had to identify some evidence reasonably calling into question the honesty of defendant's belief, not the propriety or prudence of the employment decision); Lindahl v. Air France, 930 F.2d 1424, 1438 (9th Cir. 1991). Unless Complainant refers to evidence "amply support[ing] his or her] claim that the [Agency's] explanation is unworthy of credence, judgment as a matter of law is entirely appropriate." Futrell v. J.I. Case, 38 F.3d 342, 346 (7th Cir. 1994).

6