UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAREN HUGHLEY

    Plaintiff

v.

WEINSTOCK, FRIEDMAN & FRIEDMAN,
P.A., et al.,

    Defendants

Civil Action No.: 1:06 cv 00088-RWR

## SUPPLEMENTAL AFFIDAVIT OF JEFFREY M. LIPPMAN, ESQUIRE

I, Jeffrey M. Lippman, Esquire, am over the age of eighteen years, am competent to testify and have personal knowledge of the matters set forth herein. I hereby swear and affirm under the penalties of perjury that the following statements are true and correct.

1. Co-Defendant Bruce Richardson joined Weinstock, Friedman & Friedman, P.A. as an associate attorney in January of 1995. By 1999, he had ascended to the level of managing associate with the firm.

2. Co-Defendant Richardson became a member of the Maryland Bar in 1986. Attached hereto as Exhibit A is a copy of Mr. Richardson's resume, which details his substantial legal experience prior to joining the firm. Mr. Richardson had approximately ten (10) years of experience practicing law before he took on Plaintiff Hughley's employment discrimination claim. When Ms. Hughley's employment discrimination claim was dismissed, Co-Defendant Richardson had some seventeen (17) years of legal experience and I had no reason to suspect that he required supervision in handling the Plaintiff's claim.



DEFENDANT'S EXHIBIT 1

3. I joined the law firm in July of 1995. At that time, Mr. Richardson was already an associate attorney with the firm. According to his resume, Mr. Richardson had approximately nine (9) years of legal experience at the time that I joined the firm. His prior experience was impressive to me and he appeared to be a well credentialed attorney.

4. I did not assume a managerial role with the firm until approximately the same time that Mr. Richardson assumed such a role. Mr. Richardson had already handled much of Plaintiff Hughley's case by the time that I assumed a managerial role. During the majority of Mr. Richardson's handling of Ms. Hughley's claim, I did not handle many EEOC matters and, therefore, I was not an attorney that would have been called upon to supervise EEOC matters at the firm.

5. Mr. Richardson had been practicing law for approximately nineteen (19) years when we discovered that Ms. Hughley's claim had been dismissed.

2/8/06
Date

Jeffrey M Lippman, Esquire

2