UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN HUGHLEY<br><br>    Plaintiff<br><br>v.<br><br>WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A., et al.,<br><br>    Defendants | Civil Action No.: 1:06 cv 00088-RWR |

**THE WEINSTOCK DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER/OPPOSITION TO THE PLAINTIFF'S MOTION FOR REMAND**

Defendants Weinstock, Friedman & Friedman, P.A., Melvin J. Weinstock, Sidney S. Friedman, Edward J. Friedman, and Jeffrey M. Lippman ("the Weinstock Defendants"), by their attorneys, William L. Mitchell, II, John S. Vander Woude, and Eccleston & Wolf, P.C., hereby submit this Response to the Court's Show Cause Order issued on January 30, 2006, and Opposition to the Plaintiff's Motion For Remand To State Court. For the reasons stated below, these Defendants respectfully request that the Plaintiff's Motion For Remand be denied.

**I.   Removal of this matter was proper because the case involves substantial, disputed questions of federal law**.

This matter concerns Plaintiff Karen Hughley's allegations of negligence and fraud/misrepresentation related to the Defendants' legal representation in her federal employment discrimination case. Specifically, the Plaintiff contends that Co-Defendant Bruce Richardson, a former managing associate with the Defendant law firm, allowed the Plaintiff's employment discrimination lawsuit to be dismissed from the U.S. District Court for the District of Columbia for failure to serve the summons on the Defendant Postmaster.

The Weinstock Defendants properly removed this matter pursuant to the federal question doctrine because it involves substantial, disputed questions of federal law. According to the United States Supreme Court:

> Even though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.

Franchise Tax Brd. of California v. Construction Laborers Vacation Trust Fund for Southern California, 463 U.S. 1, 13 (1983). The Court in Franchise Tax Board further explained that:

> Leading commentators have suggested that for purposes of § 1331 an action 'arises under' federal law 'if in order for the Plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law.'

Id. at 9, *citing*, P. Bator, P. Mishkin, D. Shapiro, & H. Wechsler, HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 889 (2d ed. 1973).

It is noteworthy that Plaintiff's Motion For Remand cites the Franchise Tax Board case. She does not dispute that federal question jurisdiction can be invoked in cases involving state law claims where the resolution of such claims raises substantial, disputed questions of federal law. *See*, Plaintiff's Motion For Remand at p. 2.

Rather, Plaintiff merely argues that this matter should be remanded because it does not involve any substantial, disputed issues of federal law requiring resolution by the state court. In support thereof, Plaintiff relies on Diaz v. Sheppard, 85 F.3d 1502 (11th Cir. 1996) and Custer v. Sweeney, 89 F.3d 1156 (4th Cir. 1996). In Diaz, the Plaintiff/prisoner filed a legal malpractice action against his class counsel, attorney Sheppard, alleging that Sheppard was negligent in accepting a final judgment that only allowed Diaz two hours of out-of-cell exercise, which he

claimed was in violation of the Eighth Amendment. The Eleventh Circuit determined that the District Court lacked jurisdiction over the claim because there were no substantial disputes of federal law involved in the case. 85 F.3d 1502, 1505 (11th Cir. 1996). The Court explained:

> If the pertinent Eighth Amendment law was debatable, to decide whether Sheppard's understanding of the applicable law in *Costello* was within the *range of the reasonable* will require no precise determination of what the pertinent federal law was in reality; so no substantial question of federal law needs to be decided…
>
> More importantly, because Diaz contends that Sheppard wrongfully ignored the opinion evidence of the court-appointed experts, the professional responsibility claims in the complaint do not hinge on the substance of the Eighth Amendment (whatever it may be exactly and about which there may be no controversy).

Id. at 1506 (emphasis in original).

Similarly, in Custer, the Fourth Circuit determined that there were no substantial disputes of federal law involved in a case where the Plaintiff claimed that an attorney for a pension plan negligently approved the pension plan President's use of plan funds for his own personal benefit, allegedly in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").[1] 89 F.3d 1156, 1167-69 (4th Cir. 1996).

However, unlike the Diaz and Custer cases, where the issues were whether the attorney negligently accepted an inadequate settlement or provided negligent advice, the underlying case in this matter was dismissed before the summons was ever served on the Defendant. Plaintiff Hughley, therefore, will need to prove, among other things, that she would have prevailed in her federal employment discrimination claim and also quantify the amount of damages that she would have been awarded but for the Defendants' alleged negligence. Smith v. Haden, 872 F.

---

[1] 29 U.S.C. §1001, *et seq.*

Supp. 1040, 1053 (D.D.C. 1994). This action necessarily will involve substantial, disputed questions of federal employment discrimination law since the Plaintiff will be required to try, and win, her underlying federal employment discrimination claim in order to make out a prima facie case for legal malpractice. This case, therefore, is entirely distinguishable from Diaz, where the issue was merely whether the attorney's acceptance of the settlement was "within the range of the reasonable." 85 F.3d 1502, 1506 (11th Cir. 1996).

Furthermore, unlike the Diaz case where the legal malpractice claim did not hinge on the exact substance of the Eighth Amendment, this matter necessarily requires an exact determination of federal employment discrimination law and an application of the law to the facts. The Plaintiff's Complaint asserts claims for "denial of back pay, denial of promotions, wrongful discharge, pain, suffering, mental anguish and other consequences…" allegedly related to the employment discrimination endured by Plaintiff Hughley. *See*, Plaintiff's Complaint, ¶ 19. Additionally, the Complaint alleges that the Defendants failed to "adequately investigate, assess and evaluate Plaintiff's employment discrimination claim." *See*, Plaintiff's Complaint, ¶ 45(A). The Court will be called upon to determine what damages, if any, the Plaintiff is entitled to under federal law. Moreover, the Court in this matter will be called upon to decide substantial questions of federal law when ruling on dispositive motions, deciding whether to admit expert opinions regarding federal law, crafting jury instructions regarding federal law, and ruling on evidentiary issues that arise during the trial of the underlying case.

The Weinstock Defendants' recently filed Motion to Dismiss/Motion for Summary Judgment also demonstrates that the Court will necessarily need to decide whether, in the underlying case, the Plaintiff's receipt of workers' compensation benefits under the Federal Employees' Compensation Act barred and precluded her claims under Title VII due to the

exclusivity provision of the workers' compensation statute. That decision, as well, involves the application and determination of exclusively Federal law and Federal statutes.

Since this legal malpractice action requires a complete trial of the underlying federal employment discrimination claim, the Weinstock Defendants respectfully submit that this Court has federal question jurisdiction due to the fact that there are substantial, disputed questions of federal law at issue.

**II.    Other courts have upheld removal under similar circumstances**.

Several U.S. district courts have upheld removal of legal malpractice actions in factually similar cases, relying on the Supreme Court's decision in Franchise Tax Brd. of California v. Construction Laborers Vacation Trust Fund for Southern California, 463 U.S. 1 (1983). Recently, the U.S. District Court for the Southern District of New York upheld the removal of a legal malpractice case arising out of the dismissal of the Plaintiffs' underlying ERISA and FIRREA[2] claims. Nazzaro v. Balber, 2005 U.S. Dist. LEXIS 10131 (S.D.N.Y. May 25, 2005). According to the Court, a plain reading of the Plaintiffs' Complaint showed that the Plaintiffs intended to argue in the legal malpractice action that they would have been entitled to severance pay and/or deferred compensation arising from the ERISA benefit plans, or entitled to compensation from the FDIC arising under FIRREA. Id. at 15. These claims, according to the Court, would turn on substantial, disputed questions of federal law and, therefore, proper federal question jurisdiction existed over the Plaintiffs' legal malpractice claim. Id.

Like the Complaint involved in the Nazzaro case, the Plaintiff's Complaint in this matter specifically demands compensation for her alleged employment discrimination in the form of "denial of back pay, denial of promotions, wrongful discharge, pain, suffering, mental anguish

---

[2]    Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1821, *et seq*.

and other consequences…" *See*, Plaintiff's Complaint, ¶ 19.  She also claims these Title VII damages despite the fact that she received compensation under the Federal Employees' Compensation Act for the very same alleged injuries, and the workers' compensation statute expressly provides that it is the exclusive remedy against her employer under those circumstances.  Resolution of what compensation, if any, the Plaintiff is entitled to as a result of this alleged employment discrimination will turn on substantial, disputed questions of federal law.

Additionally, removal was upheld in Air Measurement Technologies, Inc. v. Hamilton, 2003 U.S. Dist. LEXIS 16391 (W.D. Tex. Sept. 5, 2003).  The District Court determined that substantial, disputed questions of federal patent law were involved in the Plaintiffs' legal malpractice claims against their former counsel because, in order to succeed on their legal malpractice claim, the Plaintiffs necessarily had to try, and win, the underlying patent infringement claim. Id. at 8-9.  The trial of the underlying case, according to the Court, involved substantial, disputed questions of federal law, such as whether certain patent law defenses would have defeated the Plaintiffs' claims but for the Defendants' negligence. Id.

Likewise, the Plaintiff in this matter must try, and win, her underlying employment discrimination claim in order to assert a prima facie case for legal malpractice.  The trial of the underlying case will involve substantial, disputed questions of federal employment discrimination law, including the applicable standard of care, the burden of proof required of each party, and the applicability of certain defenses.  The Court will also likely be called upon to interpret and apply prior federal decisions regarding what conduct is "based on sex," as well as the level of the Plaintiff's burden to show that the conduct was sufficiently severe and pervasive to make her work environment intolerable.

Finally, removal of a legal malpractice action was upheld in Chance v. Sullivan, 993 F. Supp. 565, 568 (S.D. Tex. 1998). In that case, the District Court determined that substantial, disputed questions of federal law were involved in the Plaintiffs' claims that their attorney improperly handled the settlement of the underlying federal court matter. According to the Court, the legal malpractice claims affected the validity of the settlement that was approved by the federal court. Chance, 994 F. Supp. at 567.

Similarly, the instant matter will involve evidence of the Equal Employment Opportunity Commission's ("EEOC") investigation into the Plaintiff's employment discrimination claim.[3] The Complaint alleges negligence by the Defendants at the EEOC level. *See*, Complaint, ¶ 25-36, 45.[4] The Plaintiff also contends in the Complaint that "Plaintiff Hughley was deprived of the opportunity to obtain full and fair compensation at the administrative level and prior to the filing of a lawsuit…" *See*, Plaintiff's Complaint, ¶ 47. It is also quite likely that issues as to the validity of the EEOC's investigation and/or findings and conclusions may arise during the trial of the Plaintiff's underlying employment discrimination case. As a commission created under Title VII, the Defendants submit that there is a strong federal interest in keeping this matter before the District Court. The Plaintiff's Complaint reveals that this matter will involve a review of Plaintiff's claim at the EEOC level, as well as an analysis of what compensation may have been available to the Plaintiff at that level.

---

[3] Based on its investigation, the EEOC determined that Plaintiff Hughley could not make out a prima facie case for any of her claims against the Post Office. Those Findings and Conclusions were upheld by the EEOC's Office of Federal Operations.

[4] The Plaintiff's Complaint specifically alleges that the Defendants failed to "assert all available claims on behalf of Plaintiff under the administrative procedure with the EEOC" and failed to "abide by the court's orders in the EEOC level and in the United States District Court." *See*, Plaintiff's Complaint, ¶ 45(B) & 45(G).

WHEREFORE, for all of the reasons stated above and in these Defendants' original Petition for Removal, Defendants Weinstock Friedman & Friedman, P.A., Melvin Weinstock, Esquire, Sidney S. Friedman, Esquire, Edward J. Friedman, Esquire, and Jeffrey M. Lippman, Esquire, hereby respectfully request that the Court deny the Plaintiff's Motion For Remand To State Court and allow this matter to proceed in the U.S. District Court for the District of Columbia.

Respectfully submitted,

_____/s/_____
John S. Vander Woude (D.C. Bar No.: 485423)
Eccleston & Wolf, P.C.
7th Floor – Scarlett Place
729 East Pratt Street
Baltimore, Maryland  21202
(410) 752-7474
*Attorney for Defendants, excluding Defendant Richardson*

_____/s/_____
William L. Mitchell, II  (D.C. Bar No.:  476101)
Eccleston & Wolf, P.C.
2001 S. Street, N.W., Suite 310
Washington, D.C.  20009
(202) 857-1696
*Attorney for Defendants, excluding Defendant Richardson*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of February, 2006 a copy of the foregoing Response to Show Cause Order/Opposition to the Plaintiff's Motion For Remand To State Court was mailed first class, postage prepaid, to:

>Deborah K. Hines, Esquire
>1717 K Street, N.W., Suite 1107
>Washington, DC  20036
>
>Bruce L. Richardson
>41 Black Oak Court
>Reisterstown, Maryland  21136

                                                      /s/
                                      John S. Vander Woude