IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAREN HUGHLEY | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:06-cv-00088-RWR |
| WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A. et al. | * | |
| | * | |
| Defendants. | | |
| _____ | * | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER/OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

Plaintiff Karen Hughley, by counsel Deborah K. Hines, submits the following memorandum in furtherance of her request to remand the above captioned action to the Superior Court of the District of Columbia. Plaintiff further incorporates by reference her Motion To Remand filed on January 31, 2006 and as further reasons therefore, states as follows:

**I. Remand Is Proper Because There Is No Federal Interest in Retaining Jurisdiction Over This Case**

This case is a common law action for legal malpractice arising out of the tortious conduct on the part of the Defendants in pursuing Plaintiff's employment discrimination case against the United States Post Office.[1] A key factor in determining whether to retain jurisdiction over a case removed from state court is whether there is a strong federal interest in keeping the case in federal court. *Merrell Dow Pharmaceuticals, Inc. v.*

---

[1] Contrary to Defendants misstatement in its Petition for Removal, this is not a cause of action for employment discrimination. ( Petition for Removal p.2)

*Thompson*, 478 U.S. 804, 814 n.12 (1986) (providing a long and detailed discussion of the widely-held view that "[28 U.S.C.] §1331 decisions can best be understood as an evaluation of the *nature* of the federal interest at stake") (emphasis in original, citations omitted). Congress often expresses the federal government's interest in maintaining federal jurisdiction over certain types of cases by specifically providing for exclusive federal jurisdiction within the statutory framework that gives rise to such actions. *See, e.g.*, Federal Tort Claims Act, 28 U.S.C. § 1346(b); Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1); Securities and Exchange Act, 15 U.S.C. § 78aa; 28 U.S.C. § 1338(a) (exclusive federal jurisdiction of claims arising under federal patent, trademark, and copyright law); *see also Tafflin v. Levitt*, 493 U.S. 455, 470 (1990) (Scalia, J., concurring) (providing a more extensive list of federal statutes in which Congress explicitly creates exclusive federal jurisdiction). Unless Congress expressly indicates its desire to provide exclusive federal jurisdiction over a certain type of action, the action is presumed to lie within the concurrent jurisdiction of the state courts. *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 823 (1990). The Supreme Court has specifically held that actions arising under Title VII of the Civil Rights Act of 1964 are *not* within the exclusive jurisdiction of federal courts. *Id.*

Because a decision to remand must turn in large part on whether the federal government has a substantial interest in maintaining jurisdiction, the Plaintiff contends that federal courts should refuse to exercise jurisdiction over state causes of action for legal malpractice, where the underlying claims, although based on federal law, are also decided typically by state courts. In support of this proposition, the Plaintiff points out that of the three legal malpractice cases cited by Defendants in their Response, two

involve federal courts retaining jurisdiction over claims for which Congress placed exclusive jurisdiction in the federal courts. *See Nazzaro v. Balber*, No. 05 Civ. 2172 (CSH), 2005 WL 1251785 (S.D.N.Y. May 25, 2005) (ERISA claim); *Air Measurement Technologies, Inc. v. Hamilton*, No. SA-03-CA-0541-RF, 2003 WL 22143276 (W.D. Tex. Sep. 5, 2003) (Patent law claim). In those cases, the courts likely denied remand because there were issues of substantial federal law that the federal courts were better suited to handle and which Congress wanted to have decided exclusively by the federal courts. In *Air Measurement Technologies, Inc. supra*, the negligence alleged in the complaint was the failure to comply with certain statutory provisions of patent law affecting the validity of the patent. The court although denying remand left open the question of "re-urging" remand if the issues change which do not depend on resolution of a substantial question of patent law.

In the third case cited by Defendants, *Chance v. Sullivan*, 993 F. Supp. 565 (S.D. Tex. 1998), the District Court retained federal jurisdiction over a legal malpractice claim not because the malpractice claim raised substantial and disputed questions of federal law, but because the court exercised its discretionary jurisdiction under the All Writs Act, 28 U.S.C. § 1651. The All Writs Act allows the District Courts to exercise jurisdiction over an "otherwise unremovable state court case" in the name of judicial efficiency. *Chance*, 993 F. Supp. at 568. Although all the claims against Sullivan, including the legal malpractice claim, were "typically questions of state law," they were "inescapably infused" with the federal questions presented by two other cases with which *Chance* was consolidated. *Id.* at 567. The Defendant's attempt to analogize a case as inapposite as *Chance* to the case *sub judice* shows the inherent futility of the Defendants' position.

It is significant, of course, that the vast majority of malpractice suits have been remanded by district courts, *whether or not* the underlying claim was within the exclusive jurisdiction of the federal courts. *See* Plaintiff's Motion for Remand at 5. However, it should be abundantly clear that in the present case, any issues related to federal employment discrimination law are not a substantial federal question and are properly, and frequently, addressed by state courts.

### II. The Defendants Ignore the Well Pleaded Complaint Rule

Defendants' relaince on the distinction that malpractice cases involving settlement agreements differ from those cases where malpractice was committed prior to settlement is without merit. The determination of whether to remand is based on whether on the face of the complaint, there exists a claim imvolving a substantial federal question, not on the procedural aspects of the malpractice. In their Opposition/Response, the Defendants argue that removal was proper because the Court will need to respond to its Motion for Summary Judgment, in which Defendants argue as a defense that workers' compensation benefits received by the Plaintiff barred her right to recover under Title VII. Defendants fail to realize that federal question jurisdiction is based on the well pleaded complaint. "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998). Therefore, their assertions about what the court may need to address is irrelevant in determining whether there is subject matter jurisdiction.

### III. Costs and Attorney's Fees

Defendants cite only three cases in support of their removal of this legal

malpracice action. However, as cited herein, those cases are clearly distinguishable from the instant case. The Plaintiff reiterates her request for an order requiring Defendants to pay her "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). It has been well established that the imposition of costs and attorney fees are within the Court's discretion. *Weigert v. Georgetown Univ.*, 43 F. Supp. 2d 5, 7 (D.D.C. 1999). One of the factors that courts in this jurisdiction use in determining whether to award costs and fees is whether the attempted removal contradicts well-settled law. *Adolph Coors Co. v. Truck Ins. Exchange*, No. Civ.A. 04-2150 RMU, 2005 WL 486580, at *3 (D.D.C. Feb. 28, 2005) (mem. op.) (providing a thorough analysis of the standards governing the court's decision whether or not to impose costs and attorney fees pursuant to 28 U.S.C. § 1447(c)). The Plaintiff believes that the Defendants' decision to remove this case was contrary to well-settled law, as demonstrated by the long line of cases remanding legal malpractice claims to state courts, and the virtually non-existent body of law retaining federal jurisdiction over such cases. As a result of Defendants' improper removal contrary to well-settled law of remand of legal malpractice actions to state court, the Plaintiff has incurred a substantial amount of expenses, for which she requests recovery, along with reasonable attorney's fees.

**VI. Conclusion**

For all these reasons, Plaintiff respectfully requests that this case be remanded to the Superior Court for the District of Columbia, and that Defendants be ordered to pay costs and attorney's fees.

Respectfully submitted,

_____
Deborah K. Hines  #433917
1717 K Street, Suite 1107
Washington, DC 20036
(202) 824-8124
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2006, a copy of the foregoing Reply was sent via first class mail, postage prepaid to:

William Mitchell, II, Esq.
John S. Vander Woude, Esq.
Tracie N. Wesner, Esq.
Eccleston & Wolfe, P.C.
2001 S Street, NW, Suite 301
Washington, DC 20009

Bruce Richardson
41 Black Oak Court
Resterstown, MD 21136

_____
Deborah K. Hines

-6-