```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

```
_____
                               )
KAREN HUGHLEY,                 )
                               )
          Plaintiff,           )
                               )
     v.                        )  Civil Action No. 06-88 (RWR)
                               )
WEINSTOCK, FRIEDMAN &          )
FRIEDMAN, PA, et al.,          )
                               )
          Defendants.          )
_____)
```

## MEMORANDUM OPINION

Plaintiff Karen Hughley sued Jeffrey Lippman, Edward Friedman, Sidney Friedman, and Melvin Weinstock, attorneys and partners of Weinstock, Friedman & Friedman, PA; Bruce Richardson, an associate of the firm; and the firm itself, in D.C. Superior Court, alleging legal malpractice, fraud and misrepresentation arising from the defendants' failure to prosecute plaintiff's Title VII action. Defendants removed the case to federal court, and plaintiff filed a motion for remand. Because plaintiff's claims do not involve substantial, disputed questions of federal law, plaintiff's motion for remand will be granted.

### BACKGROUND

The complaint alleges the following facts. Hughley worked in the District of Columbia for the U.S. Postal Service at various times between 1972 and 1994. (Compl. ¶ 2.) Hughley

filed an equal employment opportunity complaint *pro se*, alleging she had been discriminated against by the Postal Service based on her sex and mental disability which the Equal Employment Office[1] dismissed. (Id. ¶¶ 20, 21.) Then Hughley retained the defendants, and Richardson was assigned to represent her. (Id. ¶¶ 23, 24.) An order partially reversed the earlier dismissal order, and over two years later, a notice regarding summary judgment was issued, ordering the plaintiff to file a response. (Id. ¶¶ 25, 28.) Richardson failed to file any response by the deadline. (Id. ¶ 29.) An order was issued requesting that Hughley's attorney file a brief or request for discovery within 15 days. (Id. ¶ 30.) Richardson failed to file a brief, request discovery, or move for an extension of time. (Id. ¶ 31.) Then an order granted summary judgment to the Postal Service, which Richardson appealed. (Id. ¶¶ 32, 33.) Although an order was issued for Hughley's attorney to submit a brief in support of her appeal within thirty days, Richardson failed to do so. (Id. ¶¶ 34, 35.) A final decision affirming the dismissal of Hughley's complaint followed. (Id. ¶ 36.)

---

[1] Plaintiff asserts that she filed an "EEO complaint" with the Equal Employment Office. (Compl. ¶ 20-21.) Plaintiff then refers to the Equal Employment Office as the "EEOC." (Id. at 21.) It is unclear whether any of plaintiff's references to the EEOC indeed mean the Equal Employment Opportunity Commission.

-3-

Richardson then filed a complaint on behalf of Hughley against the U.S. Postmaster in the United States District Court for the District of Columbia for alleged employment discrimination.  (Id. ¶ 37.)  Richardson failed to properly serve the summons and lawsuit on the U.S. Postmaster General.  (Id. ¶ 38.)  A show cause order was issued requiring Hughley to explain why her complaint should not be dismissed for failure to prosecute and serve the summons and complaint on the Postmaster General.  (Id. ¶ 39.)  In October 2003, Hughley's complaint was dismissed with prejudice for failure to prosecute and serve the complaint and summons.  (Id. ¶ 41.)

Hughley contacted Richardson on numerous occasions between October 2003 and March 2005 regarding the status of her case, not knowing that it had already been dismissed.  (Id. ¶ 49.)  Richardson requested payment of fees to further prosecute Hughley's case even though it had already been dismissed, and she complied by sending $1,000 to Richardson in October 2003.  (Id. ¶ 51.)  In March 2005, Hughley met with Jeffrey Lippman, an attorney with the Weinstock firm to inquire about the status of her case.  (Id. ¶ 55.)  Lippman then informed Hughley that her case had been dismissed in October 2003.  (Id.)

Hughley sued the Weinstock firm, its partners, and Richardson in D.C. Superior Court on December 21, 2005, alleging legal malpractice (Count I) and fraud and misrepresentation

-4-

(Count II).  (Id. ¶¶ 20-59.)  Hughley seeks compensatory damages that would have resulted from a successful Title VII claim, and compensatory and punitive damages for her fraud and misrepresentation claim.  (Id. ¶¶ 19, 59.)

Defendants removed the case from D.C. Superior Court to the United States District Court for the District of Columbia, arguing that the allegations Hughley makes in her complaint relate to the defendants' legal representation of Hughley in her federal employment discrimination case.  (Pet. for Removal ¶ 3.) Hughley moved for remand, arguing that the claim arises under state law, and there is no federal interest in retaining jurisdiction.  (Pl.'s Mot. for Remand at 1-5.)  The defendants argue that because the underlying action of employment discrimination necessarily involves federal law, a substantial question of federal law is a necessary element of Hughley's claim and therefore federal question jurisdiction is proper.  (Pet. for Remand ¶¶ 5-6.)

DISCUSSION

I.   MOTION TO REMAND

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2000).  "[A]ny civil action brought in a State[2] court of which the district courts of

---

[2]   "The District of Columbia is treated as a state for purposes [of] removal jurisdiction."  Bhagwanani v. Howard Univ., 355 F.

the United States have original jurisdiction, may be removed by the . . . defendants[] to the district court of the United States[.]"  28 U.S.C. § 1441(a) (2000).  "If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed."  Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 7-8 (1983).  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

District courts have original jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. of the State of Cal., 463 U.S. at 27-28.  That a claim depends on a question of federal law, however, alone is not enough to satisfy federal question jurisdiction.  See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813-14 (1986).  "[F]ederal-question jurisdiction is appropriate when 'it appears that some substantial, disputed question of federal law is a necessary

---

Supp. 2d 294, 298 at n.3 (D.D.C. 2005) (citing 28 U.S.C. § 1451).

element of one of the well-pleaded state claims." Id. at 813 (quoting Franchise Tax Bd., 463 U.S. at 13); see also, Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) ("A defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial.").

Federal question jurisdiction based on a state law claim which involves the resolution of a federal issue is "[a] more controversial basis for 'arising under' jurisdiction under section 1331." Almond v. Capital Properties, Inc., 212 F.3d 20, 23 (1st Cir. 2000). "The Supreme Court has periodically affirmed this basis for jurisdiction in the abstract . . ., occasionally cast doubt upon it, rarely applied it in practice, and left the very scope of the concept unclear." Id. This basis for jurisdiction should be applied narrowly and only where the federal issue is central to the resolution of the state law claim. Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317, 321 (1st Cir. 2001); Almond, 212 F.3d at 23.

A. Dependence on federal law

"In a legal malpractice case in the District of Columbia the plaintiff bears the burden of presenting evidence establishing that the parties entered into an attorney-client relationship,

-7-

what the applicable standard of care is, that the standard of care has been violated by the defendant-lawyer, and that there was a causal relationship, or proximate cause, between the violation and the harm complained of[.]" Smith v. Haden, 872 F. Supp. 1040, 1053 (D.D.C. 1994), aff'd, 69 F.3d 606 (D.C. Cir. 1995). "[W]here an attorney is accused of negligence in the conduct of litigation[,] . . . such attorney is not liable for negligence if, notwithstanding the negligence, the client had no cause of action[;] . . . if conduct of an attorney with respect to litigation results in no damage to his client the attorney is not liable.  Unless a party has a good cause of action against the party proposed to be sued, the first party loses nothing by the conduct of his attorney even though the latter was guilty of gross negligence." Niosi v. Aiello, 69 A.2d 57, 60 (D.C. 1949); see Macktal v. Garde, 111 F. Supp. 2d 18, 21 (D.D.C. 2000); Mount v. Baron, 154 F. Supp. 2d 3, 10 (D.D.C. 2001); McCord v. Bailey, 636 F.2d 606, 611-12 (D.C. Cir. 1980) (articulating that attorney's failure to assert defense did not cause client cognizable harm because assertion of the defense would not have altered the ultimate outcome).

To win her legal malpractice claim Hughley will need to prove the causal connection between the alleged legal malpractice and a resulting harm - - the dismissal with prejudice of her Title VII claim against the Postal Service. See Niosi, 69 A.2d

at 60.  (Compl. ¶¶ 47-48.)  Hughley concedes that she must show that her underlying claim of employment discrimination would have been successful.  (See Pl.'s Mot. for Remand at 3-4.)  See Macktal, 111 F. Supp. 2d at 21 ("If the case within the case was not a good cause of action, then the claim of professional malpractice must fail.").

    B.    <u>Substantial, disputed question of federal law</u>

Where the question of federal law is unsettled or novel, the question is disputed.  See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  Where the question of federal law is central to the determination of the state law claim or where the court must determine precisely "what the pertinent federal law was," the question of law is substantial.  Diaz, 85 F.3d at 1505; Penobscot Nation, 254 F.3d at 321.  But see Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the W., 366 F. Supp. 2d 33, 38 (D.D.C. 2005) (remanding action arising under collective bargaining agreement because interpretation of federal law would be minimal despite the fact that plaintiff would have to demonstrate validity of federal law arising out of state law claims).  Where the federal law is embodied in an element of the state law claim, however, that question is not substantial. Diaz, 85 F.3d at 1505; Pickens v. Gardner, 2003 WL 22888957 (S.D. Iowa 2003) (remanding to state court an action for legal malpractice where the plaintiff claimed that his attorney

-9-

negligently represented him in his employment discrimination case under Americans with Disabilities Act).  There is no dispute, however, where the construction, validity or application of the federal law is not contested.  See, e.g., Snook v. Deutsche Bank AG, 410 F. Supp. 2d 519, 522 (S.D. Tex. 2006).  A state court can resolve ancillary matters of federal law to the extent necessary to determine the state law claim.  Diaz, 85 F.3d at 1506.

Hughley's Title VII complaint was dismissed before it ever reached the merits, and there is no dispute now about what the precise state of federal law was as it applied to plaintiff's Title VII case.  (See Compl. ¶¶ 28-41.)  See, e.g., Snook, 410 F. Supp. 2d at 523 (granting a motion to remand to avoid opening "the federal courts to garden variety malpractice, breach of duty, and similar state law claim in which the allegation is that the defendant gave fraudulent or negligent advice based on an unreasonable or otherwise faulty interpretation of federal law").  Hughley will have to show that her Title VII claim would have been successful but for defendants' malpractice, but nothing suggests that the construction or application of Title VII will be contested.  The parties do not suggest that the federal issue is novel or difficult, Diaz, 85 F.3d at 1505, or that the District of Columbia courts are unable to decide these issues

-10-

competently.  Indeed, the District of Columbia courts regularly adjudicate Title VII claims.[3]  Additionally, the federal component of her state law claim is overshadowed by the many state law issues, including respondeat superior, fraud, misrepresentation and malpractice.

   Because the limits on the jurisdiction of the federal courts favor remand and because close questions are resolved in favor of remand, this case will be remanded to the Superior Court.

II.  COSTS AND ATTORNEY'S FEES

   "Under 28 U.S.C. § 1447(c) '[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees incurred as a result of the removal.'" Int'l Union of Bricklayers & Allied Craftworkers, 366 F. Supp. 2d at 43 (quoting 28 U.S.C. § 1447(c)).  The authority to award fees and costs is discretionary, however, and is "appropriate only if the removal was either frivolous or in bad faith."  Bhagwanani, 355 F. Supp. 2d at 303 (citing Ibrahim v. 1417 N St. Assocs., L.P., 950 F. Supp. 406 (D.D.C. 1997)).

---

[3] See e.g., Shore v. Groom Law Group, 877 A.2d 86 (D.C. 2005) (affirming dismissal of Title VII retaliation claim); Blount v. Nat'l Ctr. for Tobacco-Free Kids, 775 A.2d 1110 (D.C. 2001) (reversing summary judgment for employer in a Title VII racial discrimination action); Carter-Obayuwana v. Howard Univ., 764 A.2d 779 (D.C. 2001) (reversing Superior Court's directed verdict in favor of university in a Title VII retaliation case).

-11-

"[T]he most difficult single problem in determining whether federal question jurisdiction exists is deciding when the relation of federal law in a case is such that the action may be said to be one 'arising under' that law."  Wright & Miller, Federal Practice and Procedure 2d § 3562 (1984).  "[T]he question of federal jurisdiction over a state cause of action containing a federal issue of law is uniquely 'litigation-provoking' and 'an area of uncertain jurisdiction.'"  Bhagwanani, 355 F. Supp. 2d at 303-04 (quoting Merrell Dow, 478 U.S. at 814).  Because defendants' removal to federal court was not frivolous, costs and attorneys fees will not be awarded.

## CONCLUSION

Where, as here, federal jurisdiction is doubtful, remand to state court is preferred.  Hughley's motion for remand to D.C. Superior Court will be granted.  Because the removal was not done in bad faith, costs and attorney's fees will not be awarded.  An appropriate order accompanies this memorandum opinion.

SIGNED this 4th day of August, 2006.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```